121 Ind. App. 367 (1951)
98 N.E.2d 911
DOROZINSKI
v.
REVIEW BOARD OF THE INDIANA EMPLOYMENT SECURITY DIVISION ET AL.
No. 18,152.
Court of Appeals of Indiana.
Filed May 28, 1951.
*368 David Cohen, of East Chicago, for appellant.
J. Emmett McManamon, Attorney General, Glen F. Kline, Deputy Attorney General, and John M. Harrigan, Attorney for the Indiana Employment Security Division, for appellees.
WILTROUT, J.
The Review Board found that appellant was paid unemployment compensation benefits for the week ending February 22, 1947, and that he was not entitled to such benefits because he received wages for that week in excess of the benefit amount and was not, in fact, unemployed during such week. On March 12, 1947, he was notified that an overpayment had been made and that a refund was due. He did not repay the money.
In 1950, he became qualified for additional benefits.
Acts of 1947, ch. 208, § 1301, p. 673; Burns' 1951 Replacement, § 52-1537, defines improper benefits and *369 provides: "The Division may collect such improper payments by withholding future benefits otherwise payable to such individuals."
After certain preliminary proceedings the local office deputy made a determination that the current benefits be withheld and applied as a repayment of the benefits improperly paid to appellant. This determination was affirmed by the referee, and the latter's decision was in turn affirmed by the Review Board.
Appellant claims there was error in the proceedings which took place prior to the local office deputy's determination, and complains that the Review Board refused to consider such alleged errors on appeal to it. The record discloses that appellant had a reasonable opportunity for a fair hearing of all his contentions upon the merits and that his contentions were fully considered by the Review Board. He suffered no legal harm by reason of such proceedings.
The statement is made that there was no evidence that an improper payment was made to appellant. The board found that he has never questioned the fact that he was overpaid. He has not seen fit to bring the evidence before us, and hence we are not properly called upon to review it.
Appellant admits that the Division is authorized by statute to collect improper payments by withholding future benefits otherwise payable in the same benefit period. The legislature has not seen fit to limit this right, to the same benefit period, and we know of no valid reason why it should be so limited.
We find no error.
Affirmed.
NOTE.  Reported in 98 N.E.2d 911.