BALL BROTHERS COMPANY, INC. *v.* REVIEW BOARD OF INDIANA EMPLOYMENT SECURITY DIVISION ET AL.

[No. 19,740. Filed April 10, 1963. Rehearing denied May 10, 1963. Transfer denied July 8, 1963.]

*Marshall E. Hanley* and *Bracken, DeFur, Voran & Hanley,* of Muncie, for appellant.

*Edwin K. Steers,* Attorney General, *Keith Campbell,* Deputy Attorney General and *Earl G. Manor,* of Muncie, for appellees.

PFAFF, J.—Claimants retired from their employment with appellant, Ball Brothers Company, Inc., when they attained the age of sixty-six years pursuant to the terms of the collective bargaining agreement between appellant and claimant's union, Local Union No. 93 of the United Glass and Ceramic Workers of North America.

As each of the appellee-claimants retired in 1959, 1960 and 1961, he or she filed a claim for compensation under the Indiana Employment Security Act, §52-1525, Burns' 1951 Replacement, *et seq.* At the time appellees applied for unemployment compensation they were receiving or were entitled to receive a pension in accordance with the terms of the company-union collective bargaining agreement.

The claims of the appellee-claimants were brought before the Review Board of the Indiana Employment Security Division in two separate proceedings. In each of these hearings the Review Board with one member dissenting held that the claimants were eligible for unemployment compensation. .

Since the same legal issue is presented by appeal from both of the aforementioned board determinations, the claims of the appellees have been joined.

The basis for this appeal is that the determination of the board is contrary to law. Appellant urges that the appellee-claimants were voluntarily unemployed since they agreed through their agents, the union, to retire at age sixty-six years in the collective bargaining agreement. Voluntary unemployment without good cause disqualifies an employee for unemployment compensation. §52-1539, Burns' 1951 Replacement (Supp.). Thus, the single issue is: can an individual obtain unemployment compensation after he retires at the age provided in the collective bargaining agreement entered into by his union and his employer when such an agreement further provides a pension upon retirement.

Our Supreme Court and this Court have never ruled on this specific question, and the courts of other jurisdictions are almost equally divided on the question. Three states have ruled that an employee who retires pursuant to a pension program at the age specified in a collective bargaining agreement is voluntarily unemployed. *Bergseth* v. *Zinsmaster Baking Co.* (1958), 252 Minn. 63, 89 N. W. 2d 172; *Lamont* v. *Director of the Division of Employment Security* (1958), 337 Mass. 328, 149 N. E. 2d 372; *Kentucky Unemploy. Ins. Com'n.* v. *Kroehler Mfg. Co.* 352 S. W. 2d 212 (Ky. 1961); *Kentucky Unemployment Insurance Commission* v.

*Reynolds Metals Company*, 360 S. W. 2d 746 (Ky. 1962). The courts of four states have ruled contra. *Campbell Soup Co.* v. *Div. of Employment Security* (1953), 13 N. J. 431, 100 A. 2d 287; *Gianfelice Unempl. Compensation Case. Warner Company* v. *Unemployment Compensation Board of Review* (1959), 396 Pa. 545, 153 A. 2d 906; *Employment Security Com'n.* v. *Magma Copper Company* (1961), 90 Ariz. 104, 366 P. 2d 84; *Reynolds Metals Co.* v. *Thorne* (1961), — Ala. App. —, 133 So. 2d 709, certiorari denied (1961), 272 Ala. 709, 133 So. 2d 713. In addition to the split of authority in the various states, many of the opinions show that at least one judge dissents.

It is obvious that there is authority for this Court to reach any decision it desires merely by analogizing to one of the lines of authority. The real problem then is to analyze the competing policies upon which other courts have based their decisions.

The first high court of any state to rule on the issue before this court was New Jersey. *Campbell Soup Co.* v. *Div. of Employment Security, supra.* The factual situation before that court closely parallels the one before this Court. The New Jersey Appellate Division had ruled that employees, who retire pursuant to the terms of a collective bargaining agreement, retire voluntarily. The Supreme Court's majority opinion for reversal was written by Justice William Brennan, Jr., who is now a member of the United States Supreme Court. This opinion is the basis for later decisions, which hold that retirement under the terms of a collective bargaining agreement is not voluntary. The policy argument employed to reverse the lower court is that in spite of the terms of the collective bargaining agreement the employees in reality had no choice but to submit to the employer's retirement policy. The employees

were involuntarily unemployed and entitled to unemployment compensation. The second argument given is that the unemployment compensation act should be liberally construed to further its remedial and beneficent purposes.

The leading case for the position that a man who retires pursuant to a collective bargaining agreement is voluntarily unemployed is *Bergseth* v. *Zinsmaster Baking Co., supra.* Minnesota was faced with facts almost identical to the one before us. Their statutes, Minn. Stat. Anno. §268.09 and §268.08 (1959), are substantially the same as §52-1539 and §52-1539(d), Burns' 1951 Replacement (Supp.). Thus the legal issue before the Supreme Court of Minnesota was exactly the same as the issue presented here. The Minnesota Court refused to follow the line of cases represented by *Campbell Soup Co.* v. *Div. of Employment Security, supra,* and in a well-reasoned opinion they held that the union was the agent for all of the employees and that through the collective bargaining agreement the employees had in effect voluntarily agreed to unemployment at retirement age. The Court said at page 70:

"Any other result would destroy the principles of collective bargaining and render union-management contracts meaningless. We have already indicated that we would uphold these agreements in *Jackson* v. *Minneapolis-Honeywell Regulator Co.,* 234 Minn. 52, 47 N. W. (2d) 449. There, unemployment benefits were denied to a union member who was not entitled to vacation pay when his employer's plant was closed down pursuant to a contract with his union because of a lack of the necessary length of service. We held that the claimant's unemployment during that period was voluntary in view of the existence of the union contract. The principles enunciated in the Jackson case apply even more forcefully in the instant case. Unemployment compensation is designed as a cushion

against the vagaries of sporadic losses of work for employees who are genuinely attached to the labor market and who fully expect to return. Retirement benefits, on the other hand, look to a withdrawal from the labor market and more nearly approximate a reward for past services."

Both the Minnesota and Massachusetts courts in deciding the aforementioned cases, which are on all fours with the case before this Court, drew analogies to decisions in their respective states, which denied unemployment compensation to employees during vacation shut-downs. Indiana has adopted a similar rule, *Adams et al.* v. *Rev. Bd. Ind. Emp. Sec. Div. et al.* (1957), 237 Ind. 63, 143 N. E. 2d 564. In fact the Indiana Supreme Court followed the Massachusetts decision, *Moen* v. *Director of the Division of Employment Security* (1948), 324 Mass. 246, 85 N. E. 2d 779, 8 A. L. R. 2d 429.

Thus, the competing analogies are the desire not to impair the obligations of contracts versus a liberal interpretation of unemployment compensation acts and a desire to protect employees because courts believe these employees are not voluntarily retiring regardless of the provisions of the collective bargaining agreement.

It has been urged that the line of cases, which provide that unemployment compensation will not be paid during periods when an employer shuts down for vacation in accordance with the terms of the union-management agreement, has no application here; however, we feel that these cases show that courts such as our Supreme Court have taken the position that the policy that a man should be bound by the obligations of his contract prevail over the opposing public policy argument that an unemployment compensation act should be liberally construed to satisfy the judicial belief that men normally

do not intend to place themselves in a situation of voluntary unemployment.

This Court believes in accordance with our Supreme Court that the binding effect of contracts should not be vitiated. See also United States Constitution, Art. 1, §10(1). A contrary holding that these men were involuntarily unemployed regardless of the contract terms would undermine the contractual status of all collective bargaining agreements. The appellant-employer may have deliberately sacrificed other considerations in order to obtain a voluntary retirement age in the contract because the payment of unemployment compensation to these retired individuals would change the company experience rating.

In view of our holding that claimants are voluntarily unemployed and not entitled to unemployment compensation, we do not reach the question as to whether a claimant can receive both unemployment compensation and a pension; however, this question seems to be clearly resolved in §52-1539(d), Burns' 1951 Replacement (Supp.) and *Talley* v. *Review Bd., Emp. Sec. Div.* (1949), 119 Ind. App. 680, 88 N. E. 2d 157.

Judgment reversed.

Hunter and Kelley, JJ., concur; Mote, P. J., not participating.

NOTE.—Reported in 189 N. E. 2d 429.