NOTE.—Reported in 200 N. E. 2d 643.

---

SCHWARTZ *v.* REVIEW BOARD OF INDIANA EMPLOYMENT SECURITY DIVISION ET AL.

[No. 20,156. Filed August 20, 1964.]

*Lloyd L. Dewester, Jr., Ross P. Walker,* both of Indianapolis, and *Archie Lapin,* of Muncie, for appellant.

*Edwin K. Steers,* Attorney General and *Keith Campbell,* Deputy Attorney General, for appellee, Review **Board.**

HUNTER, C. J.—This was a proceeding before the Review Board of the Indiana Employment Security Division to determine the eligibility of the claimant, the appellant Otto J. Schwartz, under the Indiana Employment Security Act.

The appeals referee and the Review Board, with one member dissenting affirmed the determination of the local deputy that the appellant is ineligible for benefits under the Indiana Employment Security Act.

This matter is before us on a petition to remand filed by the appellee Board of Review.

Upon an examination of said petition and transcript of the record in this cause, we find that the decision of the referee and the Review Board was predicated upon certain written instruments enumerated as follows:

(a) Agreement between Warner Gear Division, Borg-Warner Corp., Muncie, Indiana, and Local International Union, United Automobile, Aircraft and Agricultural Implement Workers of America, A. F. L.- C. I. O., November 6, 1961. (Transcript, p. 33).

(b) Retirement Income Guide, Warner Gear Division, Borg-Warner Corporation, for Employees in the Bargaining Unit Represented by Local 287 Affiliated with UAW, AFL-CIO. (Transcript, p. 34).

(c) Retirement Income Guide, Warner Gear Division, Borg-Warner Corporation, for Employees in the Bargaining Unit Represented by Local 287 Affiliated with UAW, AFL-CIO (As Amended November 1, 1961). (Transcript, p. 35).

However, we find that said written instruments were never offered, admitted or placed in evidence before said referee or the Board. This Court stated in the case of *Jung* v. *Review Board of Indiana Employ.*

*Sec. Div.* (1964), 136 Ind. App. 248, 199 N. E. 2d 476 ". . . there must appear no possibility nor opportunity that evidence extraneous the record may serve as any part of the factual foundation upon which the conclusion and ultimate determination of the Board may be premised."

It is now therefore ordered that this cause be remanded to the Review Board of the Indiana Employment Security Division for further hearing with instructions to entertain the introduction into evidence of said written instruments referred to herein.

Remanded.

NOTE.—Reported in 200 N. E. 2d 642.