SCHWARTZ v. REVIEW BOARD OF THE INDIANA EMPLOYMENT SECURITY DIVISION, ET AL.

[No. 20,156. Filed November 22, 1965.]

*Lloyd L. DeWester, Jr., Archie Lapin* and *Ross P. Walker,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, and *Keith Campbell,* Deputy Attorney General, for appellee, Review Board, and *Marshall E. Hanley,* of Muncie, for appellee, Warner Gear Division, Borg-Warner Corporation.

HUNTER, J.—This is an appeal from proceedings had before the Review Board of the Indiana Employment Security Division to determine the eligibility of claimant, Otto J. Schwartz, for benefits under the Indiana Employment Security Act.

The issue was formed by appellant's application for benefits taken on October 1, 1963 and the local deputy's determination that appellant was ineligible for benefits. Said determination was mailed to the appellant on October 16, 1963.

On August 14, 1964 the Board filed its petition for remand averring that its decision was based upon certain unadmitted documents consisting of collective bargaining agreements. An order of remand was entered by this court on August 20, 1964. *Schwartz* v. *Review Board of the Ind. Emp. Sec. Div.* (1964), 136 Ind. App. 338, 200 N. E. 2d 642, 3 Ind. Dec. 657. Compliance with the foregoing remand order and proceedings pertinent thereto was certified back to this court on November 5, 1964.

The relevant part of joint exhibit A is Article Six, Paragraph 5 of the Retirement Income Guide, Warner Gear Division, Borg-Warner Corporation, for Employees in the Bargaining Unit Represented by Local 287 Affiliated with

UAW, AFL-CIO (as amended November 1, 1961), which provides as follows:

"Normal retirement age shall be 65. Employees shall be automatically retired on the first day of the month following their 65th birthday."

Appellee Warner Gear Division, Borg-Warner Corporation made its statement of respondent's contentions in answer to appellant's claim as follows:

"This man retired under the terms of Collective Bargaining Agreement between the Union and Company."

The evidence submitted consisted solely of an oral stipulation of the parties, which may be summarized as follows: Otto J. Schwartz was retired under the collective bargaining agreement due to reaching *a* retirement age. The age was 65. The bargaining agent was Local 287 of the UAW, AFL-CIO.

The Appeals Referee affirmed the local deputy's determination, holding in effect that this claimant "left work voluntarily and without good cause."

The Board's findings and conclusions are as follows:

"FINDINGS AND CONCLUSIONS: The Retirement Income Program of this employer is the subject of a separate contract between the company and the collective bargaining agent. The plan or program is non-contributory on the part of employees and it is administered by the Board of Administration which is equally representative of the company and of the union.

Article Six, Paragraph 5, of said agreement provides: 'Normal retirement age shall be 65. Employees shall be automatically retired on the first day of the month following their 65th birthday.'

Article Seven provides for the Normal Retirement Benefit of employees.

The claimant herein was retired pursuant to said Agreement on or as of September 30, 1963. Therefore, this matter falls under the rule of *Ball Bros. Co.* v. *Review Board* (1963), 135 Ind. App. 68, 189 N. E. 2d 429, and it is hereby

found and held this claimant left his work voluntarily without good cause as of September 30, 1963.

DECISION: The referee's decision # 63-A-3115 is hereby affirmed this 25th day of February, 1964. Claimant is disqualified for benefits for the week ending October 5, 1963 and until he has earned $360.00 in defined employment.

REVIEW BOARD
/s/ Douglas J. Morris,
Chairman
/s/ Oscar Alvord, Member

David R. Oliver, Member, dissents: I find no evidence to support a finding the Pension Program in effect in this company was a bargaining issue."

The appellant urges as his assignment of error "that the decision of the Board is contrary to law" and under this assignment advances substantially the same points as urged in the case of *Jenkins* v. *Review Board of Indiana Emp. Sec. Div.* (1965), 138 Ind. App. 12, 211 N. E. 2d 42, 6 Ind. Dec. 637. The appellee relies primarily on the case of *Ball Bros., supra*, for affirmance.

While a serious question may be present in this appeal as to whether the pension program in effect in this company was a bargaining issue, we do not find it necessary to reach and determine that question in this opinion. It is readily apparent that the Board relied upon the case of *Ball Bros., supra*, stating therein:

". . . this matter falls under the rule of *Ball Bros. Co.* v. *Review Board* (1963TD), 135 Ind. App. 68, 189 N. E. 2d 429, and it is hereby found and held this claimant left his work voluntarily without good cause . . ."

The opinion of this court of October 28, 1965 in *Jenkins* v. *Review Board of Indiana Emp. Sec. Div., supra*, is controlling of the issues involved in this appeal and the decision of the Board must be reversed.

We therefore hold that the claimant did not as a matter of law voluntarily quit work without good cause.

For the foregoing reason, the Board's decision is reversed and this cause is remanded to the Review Board with instructions for further proceedings consistent with this opinion.

Reversed and remanded.

Prime, C. J., Smith, P. J., Bierly, Carson, Faulconer, and Mote, JJ. concur.

Wickens, J. Not Participating.

Martin, J., was present for the oral argument in this cause and at that time in conference voted for reversal, but due to his untimely death, he did not participate in this opinion.

NOTE.—Reported in 211 N. E. 2d 634.