LYNCH CORPORATION *v*. REVIEW BOARD OF THE INDIANA EMPLOYMENT SECURITY DIVISION.

[No. 967A63. Filed January 9, 1968. No Petition For Rehearing Filed.]

*Busby, Austin, Cooper & Farr,* of Anderson, for appellant.

*John J. Dillon,* Attorney General, and *William E. Matheny,* Deputy Attorney General, for appellees.

COOK, P. J.—Appellant's assignment of errors filed in this court seeks a judicial review of a proceeding and decision of the Review Board of the Indiana Employment Security Division relating to the eligibility of twenty-five claimants, the individual appellees herein, employees of appellant Lynch Corporation, for benefits under the Indiana Employment Security Act. (Burns' Ind. Stat. § 52-1525 *et. seq.*)

The rights of the parties to this review are controlled by a contract between appellant, Lynch Corporation, and U.A.W.

Local Union No. 777. The contract provides that vacations shall be taken between July 1 and June 30 of the following year. The contract also gives the appellant the "option" of closing its plants "for a vacation period not in excess of two consecutive weeks in July or August," provided the corporation gives notice to the union on or before the preceding March 15.

Twenty-two of the individual appellees were eligible for a two week vacation and they elected to take their vacations after the appellant corporation posted notice on March 15 that the plant would shut down for vacation during the last two weeks in July. The other three individual appellees were not eligible for vacation due to the shortness of their employment period.

The individual appellees filed separate requests for an appeal to the Review Board from a decision of the referee holding that they were not available for work during the period of plant shutdown, and therefore not entitled to unemployment compensation.

The Review Board reversed the referee's decision, and decided that the claimants-appellees were involuntarily unemployed and were entitled to compensation, during this two week period.

Appellant Lynch Corporation now asserts that the decision of the appellee Review Board is contrary to law.

The vacation rights of the parties are defined by the following pertinent part of a union-company contract:

"Section 3. Vacations shall be taken between July 1 and June 30 of the following year and due regard consistent with the Company's work requirements shall be given to the preferences of employees on the basis of their seniority standing in the classification in which employed.

Employees will be required to state on forms provided for these purposes their vacation preference not less than twenty-one (21) calendar days prior to the beginning of

the first week of their vacation. In the event the employee does not schedule his vacation for the full amount of time to which he is entitled on a continuous basis, he shall submit the beginning date or dates for the balance of his vacation at the time he submits his first vacation preference form. Vacation preference forms shall be obtained from the employee's foreman and four copies made out and returned to the foreman for approval.

The copies will be distributed one each to employee, committee, payroll, and the foreman.

Although it is intended that the vacation schedule once approved shall be adhered to, it is also recognized that circumstances may arise which will necessitate a change in the schedule.

The Company shall have the option to shut down the plants for a vacation period not in excess of two (2) consecutive weeks in July or August. The Company shall give notice to the Union, in writing, of such shutdown not later than the March 15 preceding the announced shutdown. Such notice shall be posted on the bulletin boards and shall state the dates of the shutdown period."

We believe our review must adhere to the principles announced in *Adams* v. *Review Board of the Indiana Employment Security Division* (1957), 237 Ind. 63, 143 N. E. 2d 564, in which the court quoted with approval from *Moen* v. *Director of Division of Employment Security* (1949), 324 Mass. 246, 85 N. E. 2d 779. In *Adams,* our Supreme Court said:

"The company in the Moen Case shut down the plant for two weeks to enable its employees to take vacations. In holding that claimants who were not eligible for vacation pay were also not entitled to unemployment compensation benefits, the court, at page 781 of 85 N. E. 2d, said:

'To be sure the agreement grants vacations expressly only to those who are eligible and is silent as to employees such as the claimant whose period of employment makes them ineligible for vacations with pay. But it would not, as the claimant concedes, have been feasible for the company to offer employment to him during the shutdown. Thus as to him and employees similarly situated the shutdown was in effect a vacation without pay or leave of absence, although not designated as such in the agree-

ment. If that results in a hardship to the claimant it arises from the agreement rather than from a failure on the part of the company to provide work.' "

This holding clearly refutes the claims of the three employees who were not entitled to any vacation because of the limited period of their employment.

We follow the reasoning of *Adams* to the conclusion that where the governing contract permits a plant shutdown for a vacation period of two weeks as it did here, the employees are not "unemployed" within the meaning of the Indiana Employment Security Act during the period of such a shutdown. This principle applies to the twenty-two employees who disregarded appellant's timely notice relating to the vacation period and chose to take their vacations at a time other than during the plant shutdown. Such contract violations preclude any recovery by appellees for the period here involved. See also: *Ball Brothers Company, Inc.* v. *Review Board of Indiana Employment Security Division* (1963), 135 Ind. App. 68, 73, 189 N. E. 2d 429; *American Central Mfg. Corp.* v. *Review Board of Indiana Employment Security Division* (1949), 119 Ind. App. 430, 88 N. E. 2d 256.

The individual appellees elected to take two week vacations with pay, after they knew the plant vacation shutdown had been scheduled. They should not be permitted to receive an additional two week vacation with pay, in the form of unemployment compensation. Such a result would not be in harmony with the declared policy of the Indiana Employment Security Act; nor would such a wind-fall equate favorably with the position of appellant's other employees who complied with the clear terms of the union contract.

Finding the decision of the Review Board contrary to law, the decision is reversed, with instructions to sustain the findings and decision of the referee.

Judgment reversed.

Carson, C. J., and Bierly, Pfaff, Smith, Cooper, and Prime, JJ., concur.

Faulconer, J., dissents.

NOTE.—Reported in 232 N. E. 2d 619.