TOKHEIM CORPORATION, Appellant
(Employer-Appellant Below),

v.

REVIEW BOARD OF the INDIANA EM-
PLOYMENT SECURITY DIVISION,
William H. Skinner, David L. Adams and
Paul M. Hutson, as members of and as
constituting the Review Board of the
Indiana Employment Security Division,
and Valerie J. Geiger and Joan L. Pres-
sler, Appellees.

No. 2-582A135.

Court of Appeals of Indiana,
First District.

Oct. 20, 1982.

John R. Burns III, Shoaff, Parker & Kee-
gan, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Gordon R.
Medlicott, Deputy Atty. Gen., Indianapolis,
for appellees.

ROBERTSON, Judge.

Tokheim Corporation (Tokheim) appeals
the decision of the Review Board of the
Indiana Employment Security Division (Re-
view Board) which granted unemployment
compensation benefits to Valerie J. Geiger
and Joan L. Pressler (Claimants).

Claimants were employed by Tokheim
under a collective bargaining agreement be-
tween the company and the United Auto
Workers. The agreement provided certain
holidays would be observed by Tokheim and
its employees including periods for Christ-
mas and New Years from Wednesday, De-
cember 23, 1981, through Friday, December
25, 1981, and from Monday, December 28,
1981, through Friday, January 1, 1982, re-
spectively. The agreement specified the
plant would be closed during these periods
unless production requirements necessitated
work. They did not.

Claimants sought benefits for the describ-
ed holiday periods. Pressler filed her claim
on December 29, 1981 and Geiger filed De-

cember 23, 1981. The Review Board awarded benefits on the theory that Claimants had not received deductible income pursuant to Ind.Code 22–4–5–1 and 2, and Ind. Code 22–4–15–4. The Review Board drew this conclusion from the fact that Claimants did not receive any payments from Tokheim during the holiday period.

In lieu of vacation pay, holiday pay, and various other benefits, Claimants, and all of Tokheim's employees covered by the collective bargaining agreement, receive "pay-as-you-go" cash allowances. The payments for particular employees are determined by multiplying their weekly straight time gross pay by a percentage based upon their years with Tokheim. The resulting amounts are then paid weekly to each employee's account. The payments are immediately available for the employee's use.

On appeal, Tokheim raises two issues. They first argue that Claimants were voluntarily unemployed. Secondly, Tokheim argues that if Claimants were involuntarily unemployed, they were nevertheless ineligible for benefits because payments constituting deductible income in excess of their benefits should have been attributed to the holiday period.

■ We agree that Claimants were voluntarily unemployed and ineligible for benefits. Before addressing this issue, we must consider whether Tokheim waived it, as alleged by the State. The State argues Tokheim did not raise the issue to the referee or the Review Board. The original decisions on Claimants' benefits were made by a deputy who determined Claimants were not entitled to benefits. The deputy found that Claimants had received deductible income for the period in question. In turn Claimants appealed and the referee reversed the deputy's decisions. Thus, when Tokheim appealed these claims to the Review Board the issue had previously been presented in terms of deductible income. Form 651, used to perfect appeals to the Review Board and required by the Board's Regulation 1007, requires a statement of points in dispute. Tokheim indicated deductibility of income was at issue. The

requests were timely filed and properly indicated the Claimants. On appeal, however, the Review Board is not bound by the referee's findings or the issues determined below. *Forster v. Review Bd. of Ind. Employment Sec. Div.,* (1981) Ind.App., 420 N.E.2d 1287. Additionally, the evidence before the Review Board was undisputed and resolving the claims was not, and is not, a matter of deciding factual conflicts, but instead a matter of drawing legal conclusions. Given the simple facts, the issues, voluntary unemployment and deductibility of income, are interrelated and readily discernible. Whether Claimants were voluntarily unemployed is the threshold legal question in this case to be resolved prior to addressing the deductibility issue. Therefore, Tokheim did not waive the issue of whether Claimants were voluntarily unemployed. *Forster, supra.* (concerning compliance with Regulation 1007 as a jurisdictional prerequisite.). *See, Barnett v. Review Bd. of Ind. Employment Sec.,* (1981) Ind. App., 419 N.E.2d 249; *Dorozinski v. Review Bd. of Ind. Emp. Sec. Div.* (1951) 121 Ind. App. 367, 98 N.E.2d 911. (concerning the necessity to present factual conflicts to the Review Board and this court's inability to resolve factual disputes.)

■ Turning to this issue, we find that it was resolved to Claimants' detriment in *Adams v. Review Board,* (1957) 237 Ind. 63, 143 N.E.2d 564. The company in *Adams* was shut down for a standard vacation of two weeks. The vacation period was authorized by a collective bargaining agreement between Western Electric and the I.B.E.W. This period was the standard vacation for all employees regardless of whether they were entitled to paid vacations. Our supreme court held the employees were voluntarily unemployed and unavailable for work pursuant to the collective bargaining agreement. The decision is based on the premise that unemployment compensation is to provide assistance to persons unemployed through no fault of their own; "fault" meaning volition. The court concluded the employees' "volition" was expressed by their agreement to the collective bargaining

contract which provided for the shutdown. Claimants in the case at bar are in the same position. *See, Lynch v. Review Bd. of Indiana Emp. Sec. Div.,* (1968) 141 Ind.App. 694, 232 N.E.2d 619.

■ Claimants argue they are entitled to benefits even though the agreement provided for the holiday shutdown because they did not receive the "pay-as-you-go" payments from April, 1981 to August, 1981. They were laid off during this period. Claimants assert the contract was inoperable because they did not receive the payments.

We disagree. The situation is analogous to those employees in *Adams supra,* and *Lynch, supra,* who were not entitled to paid vacations. They were required to take the periods off pursuant to their contracts regardless of their entitlement to pay. Likewise, Claimants were required to take the holiday. If this was inequitable, the contract should have provided an alternative.

The Review Board's decision is reversed and Claimants are denied benefits.

RATLIFF, P. J., and NEAL, J., concur.