Casilda ARTHUR, et al., (603 Claimants), Appellants

v.

REVIEW BOARD OF the INDIANA EMPLOYMENT SECURITY DIVISION, William P. Skinner, David L. Adams and Paul M. Hutson, as Members of and as constituting the Review Board of the Indiana Employment Security Division, and General Electric Company, Appellees.

No. 2–883A287.

Court of Appeals of Indiana, Second District.

Feb. 29, 1984.

Frederick W. Dennerline, III, Barbara J. Baird, Fillenwarth Dennerline & Groth, Indianapolis, for appellants.

Linley E. Pearson, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for Review Bd.

George J. Zazas, David L. Swider, Barnes & Thornburg, Indianapolis, for General Elec. Co.

NEAL, Presiding Judge.

## STATEMENT OF THE CASE

Casilda Arthur, et al., comprising 603 claimants (Claimants), appeal a decision of the Review Board of the Indiana Employment Security Division (Review Board), which decision involves deductible income affecting benefits.

We reverse.

## STATEMENT OF THE FACTS

Prior to December 1, 1982, a collective bargaining contract existed between General Electric Company (G.E.), and Local No. 2249, International Brotherhood of Electrical Workers (Union), of which Claimants were members. Article VII of that contract provided for ten paid holidays. Also involved in this discussion are the state holidays recognized by IND.CODE 1-1-9-1. For purposes of later discussion we list them together:

| Statute | Contract |
|---|---|
| New Years Day, January 1 | New Years Day |
| Lincoln's Birthday, February 12 | |
| Washington's Birthday, 3rd Monday in February | Washington's Birthday |
| Good Friday | Good Friday |
| Memorial Day, Last Monday in May | Memorial Day |
| July 4th | July 4th |
| Labor Day, 1st Monday in September | Labor Day |
| Columbus Day, 2nd Monday in October | |
| Veteran's Day, November 11 | |
| Thanksgiving Day, 4th Thursday in November | Thanksgiving Day |
| | Friday following Thanksgiving |
| | Day before Christmas |
| Christmas Day, December 25 | Christmas Day |
| Any Election Day | |

The holidays listed in the statute are, by its terms, "for all purposes".

The statute provides that if any of the recognized holidays falls on Sunday, the Monday following shall be the day of observance. The contract contains a similar provision, but, in addition, adds that any contracted holiday falling on Saturday will be observed on the preceding Friday. Finally the contract provides:

"5. The Company and Union may agree in writing to substitute a different holiday in place of any of the above listed holidays for all purposes."

In 1982, Christmas day and New Years day (1983) fell on Saturday; thus, under the contract they were to be observed on Friday, December 24, and Friday, December 31, respectively. On or before December 1, 1982, the Union and G.E. agreed to substitute December 22 for New Years day, and December 23 for the day before Christmas, thereby re-aligning those three contracted holidays to December 22, 23 and 24, and omitting December 31. The apparent reason for this substitution was that G.E. had closed its plant on December 3, 1982, and would not reopen it until January 3, 1983. Claimants were therefore qualified recipients of unemployment benefits. On December 30, 1982, claimants each received holiday pay for December 22, 23 and 24 for the week ending December 25. December 30 was the normal pay day for the week ending December 25. No holiday pay was given for the week ending January 1.

## ISSUE

The sole question presented is to which work week, the one ending December 25 or the one ending January 1, the deductible income factor should be applied in computing employment security benefits. Deductible income "... means income deductible from the weekly benefit amount of an individual in any week, and shall include ... holiday pay". IND.CODE 22-4-5-1. IND. CODE 22-4-5-2 states:

"Holiday pay which is paid not later than the normal pay day for the pay period in which the holiday occurred shall be deemed to constitute deductible income with respect to the week for which such payments are made. Holiday pay which is paid after the normal pay day for the pay period in which the holiday occurred shall be considered as deductible income

in and with respect to the week in which the same is actually paid."

Absent the agreed holiday date change, two of the contract holidays would fall in the work week ending December 25 and one of the contract holidays would fall in the work week ending January 1, with holiday pay for those days constituting deductible income in those weeks respectively. With the agreed change all deductible income would be charged to the work week ending December 25, payable on the normal pay day, December 30. This of course worked a benefit for the claimants and maximized their unemployment benefits during the lay-off by not having deductible income charged in separate pay periods.

The Review Board ruled that in the administration of benefits it was bound by IND.CODE 1–1–9–1, and not by the amended agreement between G.E. and the Union. The Review Board then assigned two days of deductible income to the week ending December 25, and one day of deductible income to the week ending January 1. That ruling is the issue here.

### DISCUSSION AND DECISION

■■■ We first examine the relationship between employment contracts, statutorily recognized holidays, and employment security benefits. Nothing in IND.CODE 1–1–9–1 pretends to impose the holidays enumerated therein upon employment contracts. It is stated in *Barr v. State*, (1980) Ind.App. 400 N.E.2d 1149, 1151:

> "That section [IND.CODE 1–1–9–1] only lists those days that are considered legal holidays with the state and nowhere grants employees the right of additional compensation for wages on those days."

Necessarily, all employment security matters arise out of some form of employment contract. Labor management contracts can be, and are, an integral part of the determination of unemployment benefits. *See Adams v. Review Board*, (1957) 237 Ind. 63, 143 N.E.2d 564; *Tokheim Corpo-*

*ration v. Review Board*, (1982) Ind.App., 440 N.E.2d 1141; *Ball Brothers Company v. Review Board*, (1963) 135 Ind.App. 68, 189 N.E.2d 429; *American Bridge Company v. Review Board*, (1951) 121 Ind.App. 576, 98 N.E.2d 193.

■■■ The crux of the matter is the actual payment of deductible income, and not the sanctity of statutorily acknowledged holidays. Significantly, the Union contract did not originally observe all holidays listed in IND.CODE 1–1–9–1; omitting Lincoln's Birthday, Columbus Day, and Veteran's Day. The contract inserted two holidays not listed; the Friday after Thanksgiving and the day before Christmas. It also moved all Saturday holidays to Friday, and Sunday holidays to Monday.[1] The Review Board does not question the legality of that agreement. It does not advance any argument, and we know of none, why G.E. and the Union may not agree to create and observe any kind or combination of compensated days off, using any nomenclature it desires to describe them, be it holiday or whatever. Employment contracts can, and do, envision working or not on some holidays, paying workers for some holidays and not others, and innumerable other fluid and changing work conditions according to the nature of the employment. In short, the holiday statute has no application to employment contracts.

If the original contract may include all these various combinations of work schedules, pay increments and benefits, then it is basic contract law needing no citation of authority, that the parties may, by agreement, modify the original terms. Here, a right to modify, which was enumerated in the contract, was utilized prospectively. No authority is cited which casts any shadow of illegality over such act. We know of none.

■■■ In summary, the essence of deductible income for holiday pay is the payment of such income and the time of payment.

---

1. We take judicial notice of the fact that the State of Indiana itself does this with relation to paid holidays.

The motive of the payor and payee is immaterial.

We see no merit in the Review Board's argument that there was no showing at the hearing before the Referee that the modification was in writing. The parties, the Referee, and the Review Board all agree that the modification was made and acted upon, and that the holiday pay was awarded accordingly. Following our decision above, this argument has no application.

For the above reason this cause is reversed and the Review Board is ordered to charge the deductible income for holiday pay on December 22, 23, and 24, 1982, to the week ending December 25, 1982, and charge no deductible to the week ending January 1, 1983.

Judgment reversed.

ROBERTSON and RATLIFF, JJ., concur.