Beulah P. BRIGGS, et al., Appellants,

v.

## REVIEW BOARD OF THE INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT, Appellee.

No. 93A02–9406–EX–340.

Court of Appeals of Indiana,
First District.

April 6, 1995.

Wm. Michael Schiff, Mary Lee Franke, Kahn, Dees, Donovan & Kahn, Evansville, for appellants.

Pamela Carter, Atty. Gen., Sabra A. Weliever, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Beulah P. Briggs, 126 of her fellow employees and their employer, Orion Electric (America) Inc. (collectively the "Claimants"), appeal from a decision of the Review Board of the Indiana Department of Workforce Development ("Review Board"). From December 23, 1993, to January 15, 1994, Briggs and the other Orion employees did not work as a result of Orion's annual holiday season plant shutdown. The employees thereafter sought unemployment compensation benefits for the weeks ending January 1, 1994, and January 15, 1994. The Department initially determined that (1) for the week ending January 1, the employees had received income in excess of their unemployment compensation eligibility and were not entitled to benefits and that (2) the amount of the employees' benefits for the week ending January 15 was to be reduced because Orion had paid them holiday pay during that week.[1] Following a hearing, the Administrative Law Judge affirmed the initial determination of eligibility. The Claimants then appealed to the Review Board which affirmed the decision of the Administrative Law Judge.[2]

We reverse.

### ISSUE

The question presented for review is whether holiday pay received during the week of January 15, 1994, was "deductible income" attributable to that week which reduced the amount of unemployment compensation benefits.

1. Only Briggs' "Determination of Eligibility" for unemployment compensation is contained in the record before us. However, it appears that, like Briggs, the other 126 Orion employees filed claims for benefits and received similar decisions from the Department. Thereafter, Orion and its employees took the same position and agreed to consolidate their appeals to the Review Board. We likewise have granted their motion to consol-idate their appeals before this court and, thus, consider the question presented as a single claim on appeal.

2. The Claimants do not appeal the determination that Orion's employees were not entitled to benefits for the week ending January 1, 1994.

## DISCUSSION AND DECISION

### Standard of Review

■ In reviewing an administrative decision, courts defer to an agency's findings of fact, provided the findings are supported by substantial evidence. *Ashlin Transp. Servs., Inc. v. Indiana Unemployment Ins. Bd.* (1994), Ind.App., 637 N.E.2d 162, 165. An administrative agency's interpretation of a statute which it is charged with enforcing is entitled to great weight. *Natural Resources Comm'n v. Porter County Drainage Bd.* (1991), Ind., 576 N.E.2d 587, 589. However, courts are not bound by the agency's interpretation. *Airco Indus. v. Indiana Michigan Power Co.* (1993), Ind.App., 614 N.E.2d 951, 953. Courts, not administrative agencies, are charged with the responsibility of resolving questions of statutory construction. *See Prosser v. J.M. Corp.* (1994), Ind.App., 629 N.E.2d 904, 907. "If an agency misconstrues a statute, there is no reasonable basis for the agency's ultimate action and we are required to reverse the agency's decision as being arbitrary and capricious." *Ashlin Transp.*, 637 N.E.2d at 166.

The Claimants do not challenge the Review Board's findings of fact. Therefore, we must determine only whether the Board correctly interpreted the Employment Security Act, Indiana Code § 22-4-1-1 *et seq.*

### Holiday Pay

■ Unemployment compensation benefits are calculated according to a statutory formula to arrive at a "weekly benefit amount," which is defined as the "amount of benefits an eligible individual would be entitled to receive for a *particular week of total unemployment.*" IND.CODE § 22-4-2-15 (emphasis added); *see* IND.CODE § 22-4-12-1 *et seq.*. An employee otherwise eligible for unemployment compensation may be ineligible for benefits if he receives either "deductible income" or pension, retirement or annuity payments equal to or exceeding his weekly benefit amount. *See* IND.CODE § 22-4-15-4(a). If such other income is less than the weekly benefit amount, the employee is entitled to receive benefits for that week reduced by the amount of that income. I.C. § 22-4-15-4(b).

■ Holiday pay is considered "deductible income" from the weekly benefit amount. IND.CODE § 22-4-5-1(a)(5). Subsection (b) of Indiana Code § 22-4-5-2 (the "deductible income statute") prescribes the method for determining the particular week to which holiday pay shall apply as deductible income:

> Holiday pay which is *paid not later than the normal pay day* for the pay period in which the holiday occurred shall be deemed to constitute deductible income with respect to the week for which such payments are made. Holiday pay which is *paid after the normal pay day* for the pay period in which the holiday occurred shall be considered as deductible income in and with respect to the week in which the same is actually paid.

(Emphases added). Orion paid its employees for the Christmas and New Year's holidays on January 14, 1994. The dispute in this case is whether January 14 is the "normal pay day" for these holidays under the deductible income statute.

On this question the Review Board made the following findings of fact in pertinent part:

> The Claimant is a laborer at the Employer's electronics factory. The Employer pays its employees weekly. Employees receive the check for a given work week on the Friday of the following week. The employees' collective bargaining agreement entitles them to holiday pay for Christmas and New Year's day.... The parties offered to stipulate that the Claimant received holiday pay from the Employer for the weeks ending December 25, 1993 and January 1, 1994. The Review Board finds, however, that the Claimant did not receive a check for the holiday pay until January 14, 1994. The delay occurred because the Employer closed its plant on Thursday, December 23 and did not reopen until the week ending January 10, 1994....
>
> The Employer *customarily* closes its plant for several weeks starting the day before Christmas. Employees *customarily* receive their paycheck for the work performed the week before the closing on the

first payroll after the plant reopens. Employees received holiday pay for ... Christmas and New Year's day at the same time. Thus the Claimant received her regular pay for the week ending December 25, and her Christmas and New Year's day holiday pay in the January 14 paycheck.

Record at 19–20 (emphases added). The Board then concluded:

[The Claimants] contend[ ] that, because the Employer customarily closes for several weeks at Christmas, the "normal" pay day for the holidays that fell during the shut down is the first Friday after the plant reopens and the holiday pay should therefore be attributed to the weeks ending December 25 and January 1. The Review Board finds that [this] interpretation of the statute contradicts its plain meaning.

Whether the "normal" pay day for the holidays is the pay period in which the respective holiday occurred or the first pay day after the plant reopened is irrelevant as the result will be the same in either case. The result is the same because it is undisputed that the Claimant received the holiday pay on January 14. According to the statute, if the Claimant was paid on the normal pay day the income is deductible for "the week such payments are made." And if the pay is paid after the normal pay day it is deductible in "the week in which the same is actually paid." In *Arthur v. Review Board* (1984), Ind.App., 460 N.E.2d 530, 532 the Court stated that "[T]he essence of deductible income for holiday pay is the payment of such income and the time of payment." Because the time of payment was January 14, the Review Board concludes that the Claimant's holiday pay is attributable to the week ending January 15, 1994.

Record at 20.

■ The Claimants argue that the Review Board's decision is contrary to law because the Board ignored specific words in the deductible income statute when it interpreted and applied the statute to their claim for benefits. We must agree. The language of the statute does not support the Board's conclusion that the time of payment of holiday pay is dispositive in determining the particular week to which such pay applies as "deductible income."

In its conclusions the Review Board omitted essential text in its reference to the statute. The Board stated that if an employee is paid on or before the normal pay day, holiday pay is deductible in "the week such payments are made." Record at 20. However, the statute actually provides that, under such circumstances, holiday pay is deemed deductible income in "the week *for which* such payments are made." I.C. § 22–4–5–2(b) (emphasis added).

The words "for which" are significant. Subsection (b) of the statute also provides that for holiday pay paid *after* the normal pay day, it is deemed deductible income in "the week *in which* the same is actually paid." *Id.* (emphasis added). Thus, the statute establishes two alternatives for applying holiday pay as "deductible income." The week to which holiday pay applies as deductible income is determined by whether it is paid either (1) on or before, or (2) after the normal pay day. *See id.*

■ The legislature must have intended the words "for which" and "in which" to have different meanings in the statute. Courts presume that every word in a statute was intended to have meaning. *See Indiana Dept. of Human Servs. v. Firth* (1992), Ind.App., 590 N.E.2d 154, 157, *trans. denied; Simon v. City of Auburn* (1988), Ind.App., 519 N.E.2d 205, 211. All statutory language is deemed to have been used intentionally and not as mere surplusage. *See Baker v. State* (1985), Ind.App., 483 N.E.2d 772, 774, *trans. denied.* The only reasonable construction of the deductible income statute is that the week "for which" payment of holiday pay is made refers to the week when the holiday occurs, while the week "in which" payment is actually made refers to the week that the employee receives holiday pay.

The Review Board read the statute to mean that the time of payment of holiday pay controls the determination of when such pay applies as "deductible income." The Board concluded that the "normal pay day" for

holiday pay is "irrelevant," reasoning that the "result is the same" because holiday pay is always considered deductible income in the week it is paid. Record at 20. However, the Board's interpretation is untenable because, as we have shown, it vitiates the distinction expressed in the statute between holiday pay received before and after the normal pay day.

We should not sanction an interpretation of a statute which renders part of its language meaningless if the language can be reconciled with the remainder of the statute. *See Spaulding v. International Bakers Servs., Inc.* (1990), Ind., 550 N.E.2d 307, 309. Indeed, courts must adopt a construction which harmonizes all parts of a statute. *Irmscher v. McCue* (1987), Ind.App., 504 N.E.2d 1034, 1036. We conclude that the Review Board's construction of the deductible income statute is erroneous as a matter of law and is not entitled to deference.

Thus, we must determine whether January 14, 1994, was the "normal pay day" for the Claimants' holiday pay. The Review Board argues on appeal that January 14 was not the normal pay day for the Christmas and New Year's holidays because for 50 weeks in 1993, Orion paid its employees every Friday for wages earned in the previous week. According to the Board, the "normal pay day" for the Christmas and New Year's holidays was Friday, December 31, 1993, and Friday, January 7, 1994, respectively, which are the Fridays following each of these holidays. The Board characterizes the delay in payment of holiday pay until January 14 as an "aberration." Brief of Appellee at 9.

■ In construing a statute, courts must examine the grammatical structure of the clause or sentence at issue. *Spangler v. State* (1993), Ind., 607 N.E.2d 720, 723. Here, the language of the deductible income statute does not support the Review Board's contention that January 14 was not the normal pay day for Christmas and New Year's holiday pay. The term "normal pay day" in the statute is qualified by the phrase "for the pay period in which the holiday occurred." I.C. § 22–4–5–2(b). Thus, the statute requires a determination of the normal pay day for *each pay period* in which a holiday oc-

curs, rather than the normal pay day for the other pay periods during the year.

The Review Board found that Orion "customarily" closes its plant for several weeks each year for the holiday season. The Board further found that Orion "customarily" pays its employees for the Christmas and New Year's holidays on the first payroll after the plant reopens. The first such payroll in 1994 was paid on January 14, and Orion paid its employees their Christmas and New Year's holiday pay on that date. "Customary" is synonymous with "normal." *Roget's International Thesaurus* at 48 (4th ed. 1977). The Board's own findings support only the conclusion that January 14, 1994, was the "normal pay day" for the pay period which included the Christmas and New Year's holidays.

The Review Board insists nevertheless that the Employment Security Act should not be construed to award benefits to "those whom the legislature has positively determined should not have such benefits." Brief of Appellee at 10. The Board emphasizes that in this case it was contemplated that the Claimants would return to work in a few weeks, and they did not seek new employment during the brief period they were not working. According to the Board, Orion is "seeking to have the State Unemployment Fund finance a paid vacation for the Claimants," a result the legislature did not intend. Brief of Appellee at 11.

Courts must presume that the legislature intended its language to be applied in a logical manner consistent with the statute's underlying policy and goals. *Ashlin*, 637 N.E.2d at 166. We agree that courts should not construe the Employment Security Act in a manner which grants benefits to those whom the legislature did not contemplate as eligible for such compensation. Here, however, we need not decide whether our legislature intended to provide claimants, such as Orion's employees, with unemployment compensation under the Act.

The only issue in this case is whether the Claimants' unemployment compensation benefits for the week ending January 15, 1994, should be reduced by the amount of holiday

pay they received on January 14. The Review Board has neither alleged nor shown that the Claimants are not "otherwise eligible" for benefits as a result of their temporary unemployment. *See* I.C. § 22–4–15–4(b) (if deductible income is less than weekly benefit amount, "otherwise eligible" individuals are entitled to benefits). The record discloses that on the "Determination of Eligibility" form, the sole reason for the partial denial of benefits for the week ending January 15, 1994, was the Claimants' receipt of holiday pay as deductible income during that week. *See* Record at 88. On appeal, we will not consider the circumstances giving rise to the Claimants' temporary unemployment which were not grounds relied upon in the Department's determination of eligibility.

Moreover, the Department has recognized that in some respects employees who are unemployed as a result of a temporary layoff are treated differently than employees who are permanently separated from their employer. Such claimants are not required to register for work at an "employment office" or "special registration point" to qualify for benefits. IND.ADMIN.CODE tit. 646, r. 3–10–3 (Supp.1995); *see* IND.CODE § 22–4–14–2. Likewise, in determining whether a laid off employee has satisfied the requirement that he make an effort to secure full-time work, the Department shall consider "the length of the prospective period of unemployment resulting from such layoff." IND.ADMIN.CODE tit. 646, r. 3–10–18(e) (Supp.1995); *see* IND.CODE § 22–4–14–3(a). We cannot agree with the Board's contention that the Employment Security Act was intended to categorically exclude from its coverage temporarily unemployed persons such as Orion's employees.

Finally, the Review Board's findings do not demonstrate that the Claimants are attempting to manipulate the unemployment compensation system to their advantage. The Board found that Orion "customarily" closes its plant every year during the holiday season and that it "customarily" pays holiday pay on the first pay day after it resumes operations. In other words, it is Orion's usual or normal practice to close its plant at that time of the year, a decision which results

in the temporary unemployment of its employees. On these facts it cannot be said that the full award of unemployment compensation to Orion's employees for the week ending January 15, 1994, is contrary to the purpose of the Act.

We conclude that the "normal pay day" for the Claimants' Christmas and New Year's holiday pay was January 14, 1994, and, as indicated by the Review Board's findings, they were paid their holiday pay on the normal pay day. The Claimants accrued Christmas holiday pay on Friday, December 24, 1993, and New Year's holiday pay on Monday, January 3, 1994. Thus, Christmas holiday pay is deemed "deductible income" for the week ending December 25, 1993, and New Year's holiday pay is deductible income for the week ending January 8, 1994. We hold that the Board erred when it reduced the Claimants' unemployment compensation benefits for the week ending January 15, 1994, by holiday pay they received on January 14.

Reversed and remanded for proceedings not inconsistent with this opinion.

BAKER and SULLIVAN, JJ., concur.