[This opinion has been published in *Ohio Official Reports* at 78 Ohio St.3d 45.]

THE STATE EX REL. TRAN, APPELLANT, *v*. MCGRATH, JUDGE, ET AL.,

APPELLEES.

[Cite as *State ex rel. Tran v. McGrath*, 1997-Ohio-245.]

*Mandamus to compel Franklin County Common Pleas judge to transfer criminal case to Richland County denied, when.*

(No. 96-2601—Submitted January 21, 1997—Decided March 19, 1997.)

APPEAL from the Court of Appeals for Franklin County, No. 96APD02-144.

———————————

{¶ 1} In 1988, appellant, Quang Ly Tran, pled guilty to and was convicted of aggravated murder and aggravated robbery. In May 1995, Tran filed a petition for postconviction relief and an alternative postsentence motion to withdraw his guilty plea in the Franklin County Court of Common Pleas.

{¶ 2} When the common pleas court and common pleas court Judge Patrick McGrath, appellees herein, failed to rule on Tran's petition and motion, Tran filed an action in mandamus and procedendo in the Court of Appeals for Franklin County. Tran alleged that his guilty plea and conviction resulted from fraud and trickery by the prosecution and the trial court. Tran further claimed that the crimes occurred in Richland County rather than Franklin County. Tran requested that the court of appeals issue a writ of mandamus to compel appellees to transfer his criminal case to Richland County and to appoint a special prosecutor to investigate the Franklin County Prosecutor's Office. Tran alternatively requested that the court of appeals issue a writ of procedendo to compel appellees to rule on his petition and motion. After the parties filed evidentiary statements and briefs, the court of appeals denied the writs.

{¶ 3} The cause is now before this court upon an appeal as of right.

———————————

*Quang Ly Tran*, *pro se*.

*Ronald J. O'Brien*, Franklin County Prosecuting Attorney, and *Bonnie L. Maxton*, Assistant Prosecuting Attorney, for appellee.

_____

**Per Curiam.**

{¶ 4} Tran asserts that the court of appeals erred and that he should either be released or that his criminal case should be transferred to Richland County. Tran does not contend that the court of appeals erred in failing to grant a writ of mandamus to compel the appointment of a special prosecutor. Tran also no longer claims entitlement to a writ of procedendo to compel appellees to rule on his postconviction relief petition and alternative motion to withdraw his guilty plea because appellees have now denied the petition and motion. Further, although Tran now requests release from prison, he did not request such relief in his petition in the court of appeals. Therefore, we limit our consideration on appeal to Tran's claim for a writ of mandamus to compel appellees to transfer his criminal case to Richland County.

{¶ 5} Tran asserts that he is entitled to a writ of mandamus compelling the transfer of his criminal case because fraud and trickery by the prosecution led him to plead guilty to an offense which did not occur in Franklin County.

{¶ 6} But where a plain and adequate remedy at law has been unsuccessfully invoked, a writ of mandamus will not lie to relitigate the same issue. *State ex rel. Zimmerman v. Tompkins* (1996), 75 Ohio St.3d 447, 449, 663 N.E.2d 639, 641; *State ex rel. Nichols v. Cuyahoga Cty. Bd. of Mental Retardation & Dev. Disabilities* (1995), 72 Ohio St.3d 205, 209, 648 N.E.2d 823, 827. Tran concedes on appeal that he has unsuccessfully invoked several alternative remedies, including his petition for postconviction relief and motion to withdraw his guilty plea, to raise the alleged fraud and trickery. These alternative remedies constituted adequate legal remedies in which Tran raised the same issues he attempts to

relitigate via mandamus. See, also, *State ex rel. Seikbert v. Wilkinson* (1994), 69 Ohio St.3d 489, 491, 633 N.E.2d 1128, 1130 (motion to withdraw guilty plea constituted adequate legal remedy to raise claimed breach of plea agreement and thus precluded extraordinary relief in mandamus). Tran's allegations did not attack the jurisdiction of his sentencing court, and he thus possessed adequate legal remedies that precluded extraordinary relief. See, *e.g.*, *State ex rel. Tran v. McMackin* (1991), 62 Ohio St.3d 165, 166, 580 N.E.2d 782.

{¶ 7} Based on the foregoing, the court of appeals properly denied the requested writ of mandamus. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————