[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 140.]

THE STATE EX REL. JOHNSON, APPELLANT, *v.* OHIO PAROLE BOARD ET AL.,

APPELLEES.

[Cite as *State ex rel. Johnson v. Ohio Parole Bd.,* 1997-Ohio-130.]

*Mandamus to compel reinstatement of parole and release from North Central Correctional Institution denied, when.*

(No. 96-2409—Submitted August 26, 1997—Decided October 22, 1997.)

APPEAL from the Court of Appeals for Franklin County, No. 95APD12-1608.

————————

{¶ 1} Appellant, John Johnson, an inmate at North Central Correctional Institution, filed a complaint in the Court of Appeals for Franklin County for a writ of mandamus to compel appellees, Ohio Parole Board and Ohio Adult Parole Authority, to reinstate Johnson's parole and release him from prison. Johnson claimed that his parole had been erroneously revoked based solely on hearsay. The court of appeals denied the writ.

{¶ 2} This cause is now before the court on Johnson's appeal as of right.

————————

*David H. Bodiker*, Ohio Public Defender, and *Kort Gatterdam*, Assistant Public Defender, for appellant.

*Betty D. Montgomery*, Attorney General, *Todd R. Marti* and *J. Eric Holloway*, Assistant Attorneys General, for appellee.

————————

*Per Curiam.*

{¶ 3} Johnson asserts in his various propositions of law that the court of appeals erred in denying the writ of mandamus because appellees did not comply with the minimum due process requirements of *Morrissey v. Brewer* (1972), 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484, when they revoked his parole. Even if

Johnson's assertions are correct, he would not be entitled to reversal of the court of appeals' judgment for the following reasons.

{¶ 4} Johnson is not entitled to the requested writ of mandamus for release from prison and reinstatement on parole. Habeas corpus, rather than mandamus, is the appropriate action for persons claiming entitlement to immediate release from prison. *State ex rel. Lemmon v. Ohio Adult Parole Auth.* (1997), 78 Ohio St.3d 186, 188, 677 N.E.2d 347, 349; *State ex rel. Pirman v. Money* (1994), 69 Ohio St.3d 591, 594, 635 N.E.2d 26, 30. As the court noted in *Lemmon,* 78 Ohio St.3d at 188, 677 N.E.2d at 349, "[a] contrary holding would permit inmates seeking immediate release from prison to employ mandamus to circumvent the statutory pleading requirements for instituting a habeas corpus action, *i.e.*, attachment of commitment papers and verification." Although the court of appeals did not base its judgment on this rationale, a reviewing court will not reverse a correct judgment merely because erroneous reasons were assigned as a basis thereof. *State ex rel. Carter v. Schotten* (1994), 70 Ohio St.3d 89, 92, 637 N.E.2d 306, 309.

{¶ 5} In addition, even if the court of appeals had considered Johnson's action as one in habeas corpus rather than mandamus, Johnson was also not entitled to a writ of habeas corpus because he failed to comply with R.C. 2725.04's verification requirement. *McBroom v. Russell* (1996), 77 Ohio St.3d 47, 48, 671 N.E.2d 10, 11.

{¶ 6} Based on the foregoing, we affirm the judgment of the court of appeals. In so doing, we need not address the merits of the issues raised by the parties in this appeal. *State ex rel. Gabriel v. Youngstown* (1996), 75 Ohio St.3d 618, 620, 665 N.E.2d 209, 210.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————