THE STATE EX REL. SMITH, APPELLANT, *v.* YOST, JUDGE, APPELLEE.

[Cite as *State ex rel. Smith v. Yost* (1998), 81 Ohio St.3d 111.]

(No. 97–1865—Submitted December 2, 1997—Decided February 18, 1998.)

*Stanley Smith, pro se.*

*Thomas L. Sartini,* Ashtabula County Prosecuting Attorney, and *Linda G. Silakoski,* Assistant Prosecuting Attorney, for appellee.

———————

**Per Curiam.** We affirm the judgment of the court of appeals for the following reasons.

First, a writ of mandamus will not issue if there is an adequate remedy in the ordinary course of the law. R.C. 2731.05. As we held in a habeas corpus case instituted by Smith in which he raised the same claim of an improper jury verdict, extraordinary relief is unavailable because Smith could have raised this claim in a direct appeal from his conviction and sentence. *Smith v. Seidner* (1997), 78 Ohio St.3d 172, 677 N.E.2d 336.

Second, Smith cannot use mandamus to relitigate the same issue he unsuccessfully raised in his previous habeas corpus action. Cf. *State ex rel. Tran v. McGrath* (1997), 78 Ohio St.3d 45, 47, 676 N.E.2d 108, 109.

Finally, mandamus is not the appropriate remedy for persons claiming entitlement to release from prison. That remedy is habeas corpus. *State ex rel. Johnson v. Ohio Parole Bd.* (1997), 80 Ohio St.3d 140, 684 N.E.2d 1227. "A contrary holding would permit inmates seeking immediate release from prison to employ mandamus to circumvent the statutory pleading requirements for instituting a habeas corpus action, *i.e.,* attachment of commitment papers and verification." *State ex rel. Lemmon v. Ohio Adult Parole Auth.* (1997), 78 Ohio St.3d 186, 188, 677 N.E.2d 347, 349.

Based on the foregoing, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.