[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 111.]

THE STATE EX REL. SMITH, APPELLANT, *v.* YOST, JUDGE, APPELLEE.

[Cite as *State ex rel. Smith v. Yost*, 1998-Ohio-642.]

(No. 97-1865—Submitted December 2, 1997—Decided February 18, 1998.)

APPEAL from the Court of Appeals for Ashtabula County, No. 97-A-0009.

————————————

{¶ 1} In 1991, a grand jury indicted appellant, Stanley Smith, on one count of felonious assault, with accompanying firearm and physical-harm specifications. Smith was subsequently convicted of felonious assault and sentenced accordingly.

{¶ 2} In 1997, Smith filed a complaint in the Court of Appeals for Ashtabula County for a writ of mandamus to compel appellee, Ashtabula County Court of Common Pleas Judge Gary L. Yost, to vacate his conviction and sentence. Smith claimed that because the physical-harm specification was omitted from the jury verdict form, the trial court lacked jurisdiction to convict and sentence him. The court of appeals granted Judge Yost's motion and dismissed Smith's complaint.

{¶ 3} This cause is now before the court upon an appeal as of right.

————————————

*Stanley Smith, pro se.*

*Thomas L. Sartini*, Ashtabula County Prosecuting Attorney, and *Linda G. Silakoski*, Assistant Prosecuting Attorney, for appellee.

————————————

*Per Curiam.*

{¶ 4} We affirm the judgment of the court of appeals for the following reasons.

{¶ 5} First, a writ of mandamus will not issue if there is an adequate remedy in the ordinary course of the law. R.C. 2731.05. As we held in a habeas corpus case instituted by Smith in which he raised the same claim of an improper jury

verdict, extraordinary relief is unavailable because Smith could have raised this claim in a direct appeal from his conviction and sentence. *Smith v. Seidner* (1997), 78 Ohio St.3d 172, 677 N.E.2d 336.

{¶ 6} Second, Smith cannot use mandamus to relitigate the same issue he unsuccessfully raised in his previous habeas corpus action. Cf. *State ex rel. Tran v. McGrath* (1997), 78 Ohio St.3d 45, 47,676 N.E.2d 108, 109.

{¶ 7} Finally, mandamus is not the appropriate remedy for persons claiming entitlement to release from prison. That remedy is habeas corpus. *State ex rel. Johnson v. Ohio Parole Bd.* (1997), 80 Ohio St.3d 140, 684 N.E.2d 1227. "A contrary holding would permit inmates seeking immediate release from prison to employ mandamus to circumvent the statutory pleading requirements for instituting a habeas corpus action, *i.e.*, attachment of commitment papers and verification." *State ex rel. Lemmon v. Ohio Adult Parole Auth.* (1997), 78 Ohio St.3d 186, 188, 677 N.E.2d 347, 349.

{¶ 8} Based on the foregoing, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

—————————————