[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 92.]

THE STATE EX REL. SAMPSON, APPELLANT, *v.* PARROTT, JUDGE, APPELLEE.

[Cite as *State ex rel. Sampson v. Parrott*, 1998-Ohio-267.]

*Mandamus compelling common pleas court judge to vacate relator's prison sentence—Complaint dismissed, when.*

(No. 97-2556—Submitted April 20, 1998—Decided June 10, 1998.)

APPEAL from the Court of Appeals for Union County, No. 14-97-38.

———————————

{¶ 1} In July 1996, the Union County Common Pleas Court convicted appellant, John Lee Sampson, of two counts of grand theft with prior offense of violence specifications, and sentenced him to concurrent prison terms of three to five years.

{¶ 2} After Sampson's attempts to vacate his sentence by delayed appeal, postconviction motion, and further appeal failed, he filed a complaint in the Court of Appeals for Union County for a writ of mandamus to compel appellee, Union County Common Pleas Court Judge Richard Parrott, to vacate the sentence. See *State v. Sampson* (1997), 80 Ohio St.3d 1444, 686 N.E.2d 273. The court of appeals granted Judge Parrott's motion and dismissed Sampson's complaint.

{¶ 3} This cause is now before the court upon an appeal as of right.

———————————

*John Lee Sampson, pro se*.

*R. Larry Schneider*, Union County Prosecuting Attorney, and *John C. Heinkel*, Assistant Prosecuting Attorney, for appellee.

———————————

***Per Curiam.***

**{¶ 4}** Sampson asserts that the court of appeals abused its discretion by dismissing his complaint. For the following reasons, however, the court of appeals properly dismissed Sampson's complaint for a writ of mandamus.

**{¶ 5}** First, Sampson had adequate remedies at law by appeal or postconviction relief to review the claimed sentencing error. *State ex rel. Massie v. Rogers* (1997), 77 Ohio St.3d 449, 450, 674 N.E.2d 1383. Second, the fact that Sampson has already invoked some of these alternate remedies to raise his claim of sentencing error does not entitle him to extraordinary relief in mandamus. Where a plain and adequate remedy at law has been unsuccessfully invoked, a writ of mandamus will not lie to relitigate the same issue. *State ex rel. Tran v. McGrath* (1997), 78 Ohio St.3d 45, 47, 676 N.E.2d 108, 109. Finally, to the extent that Sampson's complaint could be construed as a request for immediate release from prison, habeas corpus, rather than mandamus, is the proper action. *State ex rel. Johnson v. Ohio Parole Bd.* (1997), 80 Ohio St.3d 140, 684 N.E.2d 1227.

**{¶ 6}** Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____