## JACKSON

v.

## HASKINS, Warden.

[Cite as *Jackson v. Haskins* (1999), 131 Ohio App.3d 195.]

Court of Appeals of Ohio,
Seventh District, Noble County.

No. 261.

Decided Feb. 18, 1999.

---

*Sterling M. Jackson, pro se.*

*Betty D. Montgomery,* Attorney General, and *D.J. Hildebrandt,* Assistant Attorney General, for respondent.

---

*Per Curiam.*

This issue arises out of petitioner's petition for writ of habeas corpus, whereby petitioner alleges he is wrongfully incarcerated by the state of Ohio and respondent. Specifically, petitioner alleges that his maximum period of incarceration has expired and that he should be released immediately.

The facts indicate that petitioner was arrested on April 7, 1981 for theft. On June 25, 1981 he was sentenced to a term of two to five years of incarceration and then placed on probation. While on probation, petitioner was arrested and convicted of forgery and sentenced to six months to five years to be served consecutively with the sentence for theft.

After incarceration, petitioner was paroled four separate times and violated his parole after each release.

The requirements for a writ of habeas corpus are outlined in R.C. 2725.04, which states:

"Application for the writ of habeas corpus shall be by petition, signed and verified either by the party for whose relief it is intended, or by some person for him, and shall specify:

"* * *

"(D) A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy * * *."

Petitioner, in his attachments to his petition, has not attached either his commitment papers for his theft conviction and sentencing in Hamilton County, or his subsequent judgment of conviction entry for forgery in Butler County. Petitioner has also not attached his recommitment documents after his four instances of parole violations.

Petitioner has not complied with R.C. 2725.04(D). The Supreme Court of Ohio has been definitive in its response to these types of instances. In the case of *Bloss v. Rogers* (1992), 65 Ohio St.3d 145, 145–146, 602 N.E.2d 602, the Supreme Court of Ohio stated:

"The court of appeals reached the correct conclusion when it dismissed appellant's complaint for failure to comply with R.C. 2725.04(D). These commitment papers are necessary for a complete understanding of the petition. Without them, the petition is fatally defective. When a petition is presented to a court that does not comply with R.C. 2725.04(D), there is no showing of how the commitment was procured and there is nothing before the court on which to make a determined judgment except, of course, the bare allegations of petitioner's application." See, also, *State ex rel. Johnson v. Ohio Parole Bd.* (1997), 80 Ohio St.3d 140, 684 N.E.2d 1227, and *State ex rel. Brantley v. Anderson* (1997), 77 Ohio St.3d 446, 674 N.E.2d 1380.

Since the petitioner has not complied with the Ohio Revised Code requirements for an application for petition of habeas corpus, the motion of respondent to dismiss is granted and the petition for writ of habeas corpus is dismissed.

Costs taxed against petitioner.

*Judgment accordingly.*

GENE DONOFRIO, VUKOVICH and WAITE, JJ., concur.