OPINION
On August 19, 1998, the relator, D'Juan James, commenced this mandamus action against the respondent, the Cuyahoga County Probation Department, to compel the department to lift the detainers and capiases and to dismiss the indictments in the underlying cases, State of Ohio v. D'Juan James, Cuyahoga County Common Pleas Case Nos. CR-344168, 343417, 342607, 342608, and 341537. Later in August he submitted without a cover page various exhibits, including the capiases in the underlying cases, an expiration of sentence from State of Ohio v. D'Juan James, Medina County Common Pleas Case No. 97CR0111, and requests for dispositions of the underlying cases pursuant to R.C. 2941.401. On September 17, 1998, Mr. James filed "Petition for leave to file supplemental information to enhance Petition for Writ of Mandamus." On October 13, 1998, the department, through the Cuyahoga County Prosecutor, filed a motion to dismiss. Mr. James made no subsequent filings. For the following reasons, this court grants the motion to dismiss.
 FACTUAL BACKGROUND
In the Fall of 1996, Mr. James faced indictments in the five underlying cases for a variety of offenses, including possession of drugs, theft, grand theft motor vehicle, receiving stolen property and burglary. On October 15, 1996, Mr. James entered negotiated guilty pleas in each of the underlying cases; the trial court subsequently sentenced him to prison but then placed him on probation.
As gleaned from the records Mr. James submitted, in late April 1997, capiases were issued for him in the underlying cases, presumably for violating probation. On July 18, 1997, he began serving a one year sentence for receiving stolen property and failure to comply in Case No. 97CR0111. In September 1997, Mr. James was given a "Notice of Untried Indictment, Information of (sic) Complaint and of Right to Request Disposition" which informed him that detainers were posted against him in the five underlying cases; pursuant to R.C. 2941.401 he requested early disposition of these matters.
On May 5, 1998, he completely served his sentence for Case 97CR0111 and was sent from prison to the Cuyahoga County jail because of the detainers in the underlying cases. He then filed this mandamus action. On or about September 10, 1998, the Cuyahoga County Common Pleas Court held a probation revocation hearing. determined that Mr. James was a probation violator and ordered the original sentences into execution.
 DISCUSSION OF LAW
R.C. 2941.401 provides that if, during a term of imprisonment, there are pending against a prisoner in Ohio any untried indictments, informations or complaints, the prisoner should be notified of such proceedings and have the opportunity to request an early disposition of such matters. If the prisoner properly requests such a disposition, then he shall be brought to trial on those matters within one hundred and eighty days of his request. If the action is not brought to trial within that time period, "no court any longer has jurisdiction thereof, the indictment, information, or complaint is void, and the court shall enter an order dismissing the action with prejudice."
Thus, Mr. James argues that because he was notified of untried indictments and requested their prompt disposition, which was not forthcoming, the trial court lost jurisdiction over the cases, and the capiases and detainers must necessarily fail and be dismissed. Moreover, he seeks to compel this result through mandamus. However, his position is not well taken.
The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law. State ex rel. Ney V. Niehaus (1987), 33 Ohio St.3d 118,515 N.E.2d 914. Mandamus is not a substitute for appeal. State exrel. Keenan v. Calabrese (1994), 69 Ohio St.3d 176,631 N.E.2d 119; State ex rel. Daggett v. Gessman (1973), 34 Ohio St.2d 55,295 N.E.2d 659; and State ex rel. Pressley v. IndustrialCommission of Ohio (1967), 11 Ohio St.2d 141, 228 N.E.2d 631, Paragraph Three of the Syllabus. Furthermore, if the relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded. State ex rel. Tran v. McGrath (1997),78 Ohio St.3d 45, 676 N.E.2d 108 and State ex rel. BoardwalkShopping Center, Inc. v. Court of Appeals for Cuyahoga County
(1990), 56 Ohio St.3d 33, 564 N.E.2d 86. Mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. State ex rel. Taylor v. Glasser (1977), 50 Ohio St.2d 165,364 N.E.2d 1; State ex rel. Shafer v. Ohio Turnpike Commission
(1953), 159 Ohio St. 581, 113 N.E.2d 14; State ex rel. Connole v.Cleveland Board of Education (1993), 87 Ohio App.3d 43,621 N.E.2d 850; and State ex rel. Dayton-Oakwood Press v. Dissinger
(1940), 32 Ohio Law Abs. 308.
R.C. 2941.40l is inapplicable to the present case. By its own language it applies to only untried cases. Thus, it applies only to unresolved matters. In the five underlying cases Mr. James' guilty pleas and the subsequent sentencing by the trial court took the place of trial and resolved the cases. In other words, these five cases are in a very different procedural posture than covered by R.C. 2941.401: detainers for probation violations after pleading guilty as compared to detainers for a criminal case in which guilt or innocence has never been determined. Moreover, the reality of Mr. James' admitting that he committed the crimes by pleading guilty and receiving the sentences supercedes the form he received while in prison, which may have indicated to him that the matters were not yet tried or resolved. Accordingly, R.C. 2941.401 created no duty in the trial court nor a right for Mr. James to have the probation violation hearings held within one hundred and eighty days of his request. The first two requisites for mandamus cannot be fulfilled. At the very least, it is doubtful that R.C. 2941.401 applies to probation revocation hearings, and thus, mandamus should not issue.
Additionally, Mr. James has or had an adequate remedy at law to seek enforcement of R.C. 2941.401. In State ex rel. Bowling v.Court of Common Pleas of Hamilton County (1970), 24 Ohio St.2d 158,265 N.E.2d 296, the Supreme Court of Ohio denied a mandamus to enforce R.C. 2941.401 because the relator had a clear and adequate remedy at law by moving the trial court to dismiss the charge for denial of a speedy trial. See, also, State v. Fitch
(1987), 37 Ohio App.3d 159, 162, 524 N.E.2d 912: "Appellant pursued the proper remedy at law to enforce his statutory rights by filing a motion to dismiss the charge for denial of a speedy trial." An error, if any, in the denial of such a motion would be properly raised on appeal. Thus, Mr. James cannot fulfill the requisites for mandamus. Moreover, because under R.C. 2941.401
the trial court has the duty, if appropriate, to dismiss the charges, it is doubtful that Mr. James, by naming the probation department as the only respondent, has the necessary and proper parties before this court.
Additionally, the relator failed to support his complaint with an affidavit "specifying the details of the claim" as required by Local Rule 45(B)(1)(a). State ex rel. Wilson v. Calabrese
(Jan. 18, 1996), Cuyahoga App. No. 70077, unreported and State exrel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899, unreported.
Accordingly, the court grants the respondents motion to dismiss and dismisses this application for a writ. Costs assessed against the relator.
ANN DYKE, J., CONCURS.
JAMES M. PORTER, ADMINISTRATIVE JUDGE