On February 12, 1999, the relator, Calvin Drake, commenced this mandamus action against the respondents, Judge Kathleen Sutula and Richard Bell, an assistant prosecutor for Cuyahoga County, "to order trial judge to discharge the relator according to law [w]ith out further delay." (Closing sentence of brief.) He also filed an application for an alternative writ of mandamus "to discharge relator" for lack of a preliminary hearing and for spending over 356 days in jail. The gravamen of his complaint appears to be that there were so many irregularities and errors in the underlying cases, State of Ohio v. Calvin Drake, Cuyahoga County Common Pleas Court Case Nos. CR-355853 and 351072, that he should be summarily released from prison.
On March 16, 1999, the respondents moved for summary judgment on the grounds that Mr. Drake has or had an adequate remedy at law through appeal. Mr. Drake never filed a response in the present case.[1] For the following reasons, this court grants the motion for summary judgment and denies the application for both the alternative writ and the writ of mandamus.
In the underlying cases the Grand Jury indicted Mr. Drake in May and October of 1997, for theft, attempted theft, forgery, uttering, impersonating an officer, falsification and tampering with records. Although the record is far from clear, Mr. Drake was apparently trying to establish the Cleveland Juvenile Justice Delinquency Prevention Center; he indicates that this was a federally backed program to prevent juvenile delinquency. The charges against him apparently relate to his effort to set up this program.
Mr. Drake lists the following errors and irregularities, inter alia, from the underlying cases. (1) No preliminary hearing was held as required by law. (2) His property was improperly seized. (3) The trial court improperly denied his motion to return the property. (4) His rights to a speedy trial, pursuant to R.C.2945.71, were violated. (5) His motion for a speedy trial was ignored, and a sham waiver of speedy trial was submitted. Attached to his petition is a copy of a waiver of speedy trial which Mr. Drake apparently signed; beneath the case caption is printed "Motion for Speedy Trial." (6) The trial court issued false journal entries stating that various hearings, including pretrials, were held, when they were not, and the trial court tampered with the records. (7) Because the underlying subject matter concerned a federal program, the trial court lacked jurisdiction to proceed.
Mr. Drake pleaded guilty to six counts of theft and one count of forgery. He tried to appeal various rulings in the underlying cases. However, he was not successful in prosecuting the appeals because either he filed before there was a final, appealable order or he filed too late and this court declined to grant a delayed appeal.
His petition for mandamus is not well taken. First, mandamus is not the appropriate remedy to effect the specifically requested relief, Mr. Drake's immediate discharge from prison. The Supreme Court of Ohio has held that "habeas corpus, rather than mandamus, is the appropriate action for persons claiming entitlement to immediate release from prison." State ex rel. Lemmon v. OhioAdult Parole Authority (1997), 78 Ohio St.3d 186, 188,677 N.E.2d 347. See also, State ex rel. Johnson v. Ohio Parole Board (1997),80 Ohio St.3d 140, 648 N.E.2d 1227, and State ex rel. Smith v.Yost (1998), 81 Ohio St.3d 111, 689 N.E.2d 565.
The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. State ex rel. Ney v. Niehaus (1987), 33 Ohio St.3d 118,515 N.E.2d 914. Furthermore, mandamus is not a substitute f or appeal. State ex rel. Keenan v. Calabrese (1994), 69 Ohio St.3d 176,631 N.E.2d 119; State ex rel. Daggett v. Gessman (1973),34 Ohio St.2d 55, 295 N.E.2d 659; and State ex rel. Pressley v.Industrial Commission of Ohio (1967), 11 Ohio St.2d 141,228 N.E.2d 631, Paragraph Three of the Syllabus. Thus, mandamus does not lie to correct errors and procedural irregularities in the course of a case. State ex rel. Tommie Jerninghan v. JudgePatricia Gaughan (Sept. 26, 1994), Cuyahoga App. No. 67787, unreported. Furthermore, if the relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded. State ex rel. Tran v. McGrath (1997), 78 Ohio St.3d 45,676 N.E.2d 108, and State ex rel. Boardwalk Shopping Center,Inc. v. Court of Appeals for Cuyahoga County (1990), 56 Ohio St.3d 33,564 N.E.2d 86. Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. State exrel. Taylor v. Glasser (1977), 50 Ohio St.2d 165, 364 N.E.2d 1;State ex rel. Shafer v. Ohio Turnpike Commission (1953), 159 Ohio St. 581,113 N.E.2d 14; State ex rel. Connole v. Cleveland Boardof Education (1993), 87 Ohio App.3d 43, 621 N.E.2d 850; and Stateex rel. Dayton-Oakwood Press v. Dissinger (1940), 32 Ohio Law Abs. 308.
In the present case Mr. Drake had or has adequate remedies at law. The issues relating to the propriety of the search, the return of his property, the preliminary hearing, his rights to a speedy trial, and the jurisdiction of the court because a federal program may have been involved are proper issues for appeal. The fact that Mr. Drake may have lost his chance for appeal by filing at the wrong times does not negate the "has or had adequate remedy at law" principle for purposes of mandamus.
Similarly, Mr. Drake has an adequate remedy at law for his claims of false entries. To the extent that such claims may be established by the record in the underlying cases, they are proper subject for appeal. To the extent that such claims may require evidence outside the record to establish their validity, postconviction relief pursuant to R.C. 2953.21 provides an adequate remedy at law.
Mr. Drake named Richard Bell, an assistant prosecutor, as a respondent. However, Mr. Bell has no power, much less duty, to effect the specifically requested relief, Mr. Drake's immediate discharge from prison. Thus, Mr. Drake failed to state a mandamus claim against Mr. Bell.
Finally, the court notes that Mr. Drake's petition is difficult to discern. His complaint contained incomplete sentences, e.g.,
paragraphs 4b and 5. He listed multiple problems in the same paragraph and sometimes in the same sentence. Many of the problems listed in the complaint were not mentioned in the one page brief. The specific relief requested was stated in the brief, but not the complaint. The exhibits were randomly attached and do not necessarily support Mr. Drake's claims. For example, the exhibit for "motion for speedy trial" is in substance a waiver of speedy trial. The court denies all other claims for relief which Mr. Drake may have attempted to bring in this action, because such claims" are unclear and mandamus does not issue in doubtful cases.
Accordingly, the respondents' motion for summary judgment is granted, and the applications for a writ of mandamus and an alternative writ of mandamus are denied. Costs assessed against relator.
ANN DYKE, J., CONCURS.
 _____________________________________ JAMES M. PORTER, ADMINISTRATIVE JUDGE
[1] On April 13, 1999, Mr. Drake filed a "motion to show cause." In the case caption he indicated that he wanted this motion filed in Case No. 75999 as well as eight other cases. In the motion he repeated many of the points raised in this and other cases and seemed to argue that the respondents should be held in contempt because they did not explicitly address his points. Because of pleading deficiencies, this court accepted the motion only for Case No. 75700 and then denied the motion.