On February 12, 1999, the relator, Calvin Drake, commenced this mandamus action against the respondents, Judge Kathleen Sutula and Richard Bell, an assistant prosecutor for Cuyahoga County, to compel them to discharge him from prison for violating his speedy trial rights and for failing to hold a preliminary hearing timely. Mr. Drake also filed an application for an alternative writ seeking his discharge without delay. On March 16, 1999, the respondents moved for summary judgment on the grounds that Mr. Drake has or had an adequate remedy at law precluding mandamus. Mr. Drake has not filed a brief in opposition to this motion.[1] However, on April 9, 1999, he submitted a filing captioned as "Order of Issuance of writ of mandamus and procedendo exhibits to show false inprisonment (sic) and to issue writ of hasbeas (sic) corpus/issurance (sic) of warrants." For the following reasons, this court grants the motion for summary judgment and denies the application for a writ of mandamus and an alternative writ of mandamus.
In the underlying cases, State of Ohio v. Calvin Drake,
Cuyahoga County Common Pleas Court Case Nos. CR-355853 and 351072, the Grand Jury indicted Mr. Drake in May and October of 1997, for theft, attempted theft, forgery, uttering, impersonating an officer, falsification and tampering with records. Although the record is far from clear, Mr. Drake was apparently trying to establish the Cleveland Juvenile Justice 
Delinquency Prevention Center; he indicates that this was a federally backed program to prevent juvenile delinquency. The charges against him apparently relate to his effort to set up this program. Mr. Drake pleaded guilty to six counts of theft and one count of forgery. He tried to appeal various rulings in the underlying cases. However, he was not successful in prosecuting the appeals because either he filed before there was a final, appealable order or he filed too late and this court declined to grant a delayed appeal.
Now Mr. Drake alleges that during the course of the underlying cases he moved to dismiss the charges because his right to a speedy trial was violated and because he was not afforded a timely preliminary hearing. He submits that the respondents should be forced to discharge him through mandamus to correct this injustice.
Mr. Drake's petition for mandamus is not well taken. First, mandamus is not the appropriate remedy to effect the specifically requested relief, his immediate discharge from prison. The Supreme Court of Ohio has held that "habeas corpus, rather than mandamus, is the appropriate action for persons claiming entitlement to immediate release from prison." State ex rel.Lemmon v. Ohio Adult Parole Authority(1997), 78 Ohio St.3d 186,188, 677 N.E.2d 347. See also, State ex rel. Johnson v. OhioParole Board(1997), 80 Ohio St.3d 140, 648 N.E.2d 1227. andState ex rel. Smith v. Yost(1998), 81 Ohio St.3d 111,689 N.E.2d 565. To the extent that Mr. Drake's April 9, 1999 filing attempted to raise a claim of habeas corpus, this court rejects it as an improper effort to amend the complaint. The requirements of Civ.R. 15 were not fulfilled by that filing.
The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. State ex rel. Ney v. Niehaus(1987), 33 Ohio St.3d 118,515 N.E.2d 914. Furthermore, mandamus is not a substitute for appeal. State ex rel. Keenan v. Calabrese(1994), 69 Ohio St.3d 176. 631 N.E.2d 119; State ex rel. Daggett v. Gessman(1973),34 Ohio St.2d 55, 295 N.E.2d 659; and State ex rel. Pressley v.Industrial Commission of Ohio(1967), 11 Ohio St.2d 141,228 N.E.2d 631, Paragraph Three of the Syllabus. Furthermore, if the relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded. State ex rel. Tran v.McGrath(1997), 78 Ohio St.3d 45, 676 N.E.2d 108, and State exrel. Boardwalk Shopping Center, Inc. v. Court of Appeals forCuyahoga County(1990), 56 Ohio St.3d 33, 564 N.E.2d 86. Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. State ex rel. Taylor v.Glasser(1977), 50 Ohio St.2d 165, 364 N.E.2d 1; State ex rel.Shafer v. Ohio Turnpike Commission(1953), 159 Ohio St. 581,113 N.E.2d 14; State ex rel. Connole v. Cleveland Board of Education
(1993), 87 Ohio App.3d 43, 621 N.E.2d 850; and State ex rel.Dayton-Oakwood Press v. Dissinger(1940), 32 Ohio Law Abs. 308.
In the present case Mr. Drake had or has an adequate remedy at law. Errors, if any, relating to the preliminary hearing and his right to a speedy trial are properly reviewed on appeal. The fact that Mr. Drake may have lost his chance for appeal by filing at the wrong times does not negate the "has or had an adequate remedy at law" principle for purposes of mandamus.
Mr. Drake named Richard Bell, an assistant prosecutor, as a respondent. However, Mr. Bell has no power, much less duty, to effect the specifically requested relief, Mr. Drake's immediate discharge from orison. Thus, Mr. Drake failed to state a mandamus claim against Mr. Bell.
Finally, Mr. Drake failed to complete the sworn verification at the end of his complaint. Thus, he failed to support his complaint with an affidavit "specifying the details of the claim" as required by Local Rule 45(B)(1)(a). State ex rel. Wilson v.Calabrese(Jan. 18, 1996), Cuyahoga App. No. 70077, unreported and State ex rel. Smith v. McMonagle(July 17, 1996), Cuyahoga App. No. 70899, unreported.
Accordingly, the respondents' motion for summary judgment is granted, and the applications for a writ of mandamus and an alternative writ of mandamus are denied. Costs assessed against relator.
ANN DYKE, J., CONCURS.
 ___________________________________ JAMES A. PORTER, ADMINISTRATIVE JUDGE
[1] On April 13, 1999, Mr. Drake filed a "motion to show cause." In the case caption he indicated that he wanted this motion filed in Case No. 76000 as well as eight other cases. In the motion he repeated many of the points raised in this and other cases and seemed to argue that the respondents should be held in contempt because they did not explicitly address his points. Because of pleading deficiencies, this court accepted the motion for Case No. 75700 only and then denied the motion.