DECISION AND JUDGMENT ENTRY
Marvin Miller appeals the Gallia County Court of Common Pleas' denial of his motion to modify his sentence. He asserts that the trial court should have ordered the parole board to terminate its authority over his sentence. We disagree because we find that Miller's motion to modify his sentence is an untimely petition for post-conviction relief. Accordingly, we affirm the judgment of the trial court.
 I.
A jury convicted Miller of rape in 1987. We upheld his conviction on appeal. State v. Miller (Oct. 6, 1988), Gallia App. No. 87CA06, unreported. In 1999, Miller was classified as a habitual sexual offender. We upheld this classification inState v. Miller (Sept. 27, 1999), Gallia App. No. 99CA06, unreported. In October, 1999, Miller filed a "Motion to Modify Sentence Under § 2971.05." In this motion he asserted that he had gone before the Parole Board ("Board") in December, 1998 and the Board had continued his case for six years. He argued that the trial court should terminate the Board's authority over his sentence pursuant to R.C. 2971.04. He asserted that a failure to modify his sentence pursuant to R.C. 2971.04 was a violation of the constitutional guarantee of equal protection of the laws and the constitutional prohibition of ex post facto laws. The trial court denied Miller's motion.
Miller appeals and asserts the following assignments of error for our review:
 I. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PLAIN ERROR BY DENYING APPELLANT'S REQUEST FOR TERMINATION OF PAROLE BOARD'S CONTROL AFTER APPELLANT HAD SERVED HIS MINIMUM SENTENCE AND TRANSFER HIS CASE TO THE COURT UNDER § 2971.04 OF THE OHIO REVISED CODE. OHIO CONSTITUTION ARTICLE I, § 16; UNITED STATES CONSTITUTION FIFTH AND FOURTEENTH AMENDMENTS.
 II. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PLAIN ERROR BY DENYING APPELLANT'S MOTION TO MODIFY OR TERMINATE SENTENCE IN ACCORDANCE WITH § 2971.05 OF THE OHIO REVISED CODE. OHIO CONSTITUTION ARTICLE I, § 16, ARTICLE II, § 28; UNITED STATES CONSTITUTION FIFTH AND FOURTEENTH AMENDMENTS.
 II.
Although not captioned as a petition for post-conviction relief, Miller's petition seeks a correction of his sentence on the basis that his constitutional rights have been violated by the sentence. As such, it is a petition for post-conviction relief. State v. Reynolds (1997), 79 Ohio St.3d 158, 160 ("where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for post-conviction relief as defined in R.C. 2953.21").
Miller's petition should have been dismissed as untimely. See State v. Sinnott, (Nov. 6, 1997), Hocking App. No. 97CA01, unreported; State v. Creech, (July 11, 1997), Scioto App. No. 96CA2476, unreported. In State v. Wilburn, (Sept. 29, 1997), Lawrence App. No. 97CA07, unreported, we observed:
 Am.Sub.S.B. No. 4, which became effective on September 21, 1995, amended the post-conviction relief statute. Post-conviction relief petitions filed by persons sentenced prior to September 21, 1995 must be filed within the time requirements set forth in R.C. 2953.21
(A)(2) or within one year of the effective date of the act, whichever is later. See State v. Vroman, (Apr. 15, 1997), Ross App. No. 96CA2258, unreported. R.C. 2953.21(A)(2) now provides that a petition for post-conviction relief must be filed "no later than 180 days after the date [on] which the trial transcript is filed in the court of appeals [the] direct appeal [of] the judgment of conviction or adjudication," subject to the exceptions set forth in R.C. 2953.23. Because the trial court sentenced appellant prior to the Am.Sub.S.B. No. 4 effective date, appellant could timely file his post-conviction relief petition either one hundred eighty days after the filing of the transcript or one year after the September 21, 1995 effective date of Am. Sub.S.B. No. 4, whichever is later.
Miller was sentenced in 1987, well before the effective date of Am.Sub.S.B. No. 4. The exceptions in R.C. 2953.23 do not apply.[1] The latest date Miller could have timely filed his petition for post-conviction relief was September 21, 1996. Miller filed his petition on August 25, 1999. Thus, Miller's petition clearly was untimely.
Where a trial court has stated an erroneous basis for its judgment, a reviewing court may affirm the judgment if it is legally correct for another reason. State ex rel. Johnson v.Ohio Parole Bd. (1997), 80 Ohio St.3d 140, 141. Since the trial court should have dismissed Miller's motion as untimely, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the GALLIA COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
HARSHA, J.: Concur in Judgment Only.
EVANS, J.: Concur with Attached Concurring Opinion.
For the Court
 BY: _______________________________ ROGER L. KLINE, PRESIDING JUDGE
[1] R.C. 2953.23 provides:
 (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim from relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that, but for the constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for the constitutional error at the sentencing hearing, no reasonable fact-finder would have found the petitioner eligible for the death sentence.
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a finaljudgment entry and the time period for further appeal commencesfrom the date of filing with the clerk.