JOURNAL ENTRY and OPINION
On October 18, 2000, the relator, Charles Nelson, commenced this mandamus action against the respondent, William D. Mason, the Cuyahoga County Prosecutor, to compel the respondent, Prosecutor Mason, to dismiss the charges against relator in the underlying case, State of Ohio v. Charles Nelson, Cuyahoga County Common Pleas Court Case No. CR-395850. Relator argues that because there was no probable cause for the charges and because there was no complaint or theft report, respondent has the duty, pursuant to DR 7-103,[1] to dismiss the charges. Sua sponte, for the following reasons, we dismiss relator's complaint for a writ of mandamus.
A review of the docket in the underlying case reveals that relator was charged with breaking and entering and theft in August 2000. In late September, he moved to dismiss the charges because the indictments were falsified. The docket does not indicate that the court ruled on that motion. Nevertheless, on October 17, 2000, relator pleaded guilty to the two charges and received concurrent sentences of seven and six months. Now, he seeks mandamus to nullify the charges; however, mandamus is the wrong remedy.
First, mandamus is not the appropriate remedy to effect the desired relief, relator's immediate discharge from prison, resulting from the nullification of the charges. The Supreme Court of Ohio has held that habeas corpus, rather than mandamus, is the appropriate action for persons claiming entitlement to immediate release from prison. State ex rel. Lemmon v. Ohio Adult Parole Authority (1997), 78 Ohio St.3d 186,188, 677 N.E.2d 347. See, also, State ex rel. Johnson v. Ohio Parole Board (1997), 80 Ohio St.3d 140, 684 N.E.2d 1227, and State ex rel. Smith v. Yost (1998), 81 Ohio St.3d 111, 689 N.E.2d 565.
Second, the requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief; (2) the respondent must have a clear legal duty to perform the requested relief; and (3) there must be no adequate remedy at law. State ex rel. Ney v. Niehaus (1987), 33 Ohio St.3d 118, 515 N.E.2d 914. Furthermore, mandamus is not a substitute for appeal. State ex rel. Keenan v. Calabrese (1994), 69 Ohio St.3d 176, 631 N.E.2d 119; State ex rel. Daggett v. Gessman (1973), 34 Ohio St.2d 55, 295 N.E.2d 659; and State ex rel. Pressley v. Industrial Commission of Ohio (1967), 11 Ohio St.2d 141,228 N.E.2d 631, paragraph three of the syllabus. Thus, mandamus does not lie to correct errors and procedural irregularities in the course of a case. State ex rel. Tommie Jerninghan v. Judge Patricia Gaughan (Sept. 26, 1994), Cuyahoga App. No. 67787, unreported.
In the present case, appeal is the appropriate remedy to test the validity or sufficiency of the charges. In State ex rel. Hadlock v. McMackin (1991), 61 Ohio St.3d 433, 434, 575 N.E.2d 184, the Supreme Court of Ohio ruled that a defendant may challenge the sufficiency of the indictment only by a direct appeal * * *. In Marshall v. Lazaroff (1997), 77 Ohio St.3d 443, 674 N.E.2d 1378, the supreme court further ruled that allegations of fraud on the part of the prosecution relating to the indictment are properly raised on appeal. See, also, Thorton v. Russell (1998), 82 Ohio St.3d 93, 694 N.E.2d 464.
Additionally, the relator failed to support his complaint with an affidavit specifying the details of the claim as required by Loc.R. 45(B)(1)(a). State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077, unreported and State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899, unreported.
Accordingly, the court dismisses the writ. Costs assessed against the relator.
 __________________________________ KENNETH A. ROCCO, PRESIDING JUDGE
ANNE L. KILBANE, J. CONCURS JAMES M. PORTER, J. CONCURS
[1] DR 7-103 prescribes the duties of a prosecutor or other government lawyer. Subsection A provides that the prosecutor shall not institute charges when they are not supported by probable cause.