Relator avers that she is the defendant in State v. Miller, Cuyahoga County Court of Common Pleas Case No. CR-349132, which is assigned to respondent judge. She was indicted for and convicted of kidnapping, burglary and grand theft after pleading no contest. Respondent denied her motion to vacate her no contest plea and this court affirmed that judgment in State v. Miller (June 15, 2000), Cuyahoga App. No. 76310, unreported.
Relator avers that the Cleveland Municipal Court does not have a complaint against her regarding these charges. Relator argues that she is entitled to relief in mandamus from this court compelling respondent to vacate the conviction and sentence issued in Case No. CR-349132.
In State ex rel. Dozier v. Court of Common Pleas (June 3, 1999), Cuyahoga App. No. 76151, unreported, the relator claimed that his convictions were void because no criminal complaints were filed in his criminal cases.
 A criminal case may be instituted, however, by not only a complaint but also by a citation or an indictment. See Crim.R. 3, 4.1, 6, 7. Relator was convicted and sentenced upon indictments as demonstrated by respondent, see, also, State ex rel. Dozier v. Mack (1999), 85 Ohio St.3d 368, 708 N.E.2d 712, so the absence of a criminal complaint in relator's file is irrelevant and does not void relator's convictions. Accordingly, we grant respondent's motion for summary judgment.
Id. at 1-2.
In her complaint in this action in mandamus, relator acknowledges that an indictment was issued on each charge. We must hold, therefore, that the absence of a complaint does not void relator's conviction.
Additionally, relator effectively seeks discharge from incarceration.
 [M]andamus is not the appropriate remedy to effect the desired relief, relator's immediate discharge from prison, resulting from the nullification of the charges.
 The Supreme Court of Ohio has held that "habeas corpus, rather than mandamus, is the appropriate action for persons claiming entitlement to immediate release from prison." State ex rel. Lemmon v. Ohio Adult Parole Authority (1997), 78 Ohio St.3d 186, 188, 677 N.E.2d 347. See, also, State ex rel. Johnson v. Ohio Parole Board (1997), 80 Ohio St.3d 140, 684 N.E.2d 1227, and State ex rel. Smith v. Yost (1998), 81 Ohio St.3d 111, 689 N.E.2d 565.
State ex rel. Nelson v. Moore (Nov. 22, 2000), Cuyahoga App. No. 78709, unreported, at 2. Relief in mandamus would not, therefore, be appropriate.
Accordingly, we grant respondent's motion to dismiss petition for writ of mandamus and motion for summary judgment. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ denied.
 __________________ SWEENEY, JAMES D., P.J.:
PATRICIA A. BLACKMON, J., and ANNE L. KILBANE, J., CONCUR.