JOURNAL ENTRY and OPINION
On May 29, 2001, the relator, Michael J. Daniels, commenced what he characterizes as a mandamus action against the respondent, the Warden of the County Jail, to compel him to provide a duty clear where the record discloses 2725.01 (Persons entitled to the writ of habeas corpus) should issue. For the following reasons, this court sua sponte dismisses the petition for writ of mandamus.
Daniels alleges that he has been charged with drug law violations. He asserts that deficient indictments were issued, so he commenced, in February 2001, a habeas corpus action in the Cuyahoga County Common Pleas Court to seek his release. However, the respondent never answered or filed an appearance. Daniels states that he has moved for default judgment but there has been no progress in the matter. Thus, he now brings this mandamus action to seek his release from jail or to have the respondent fulfill his duties under the habeas corpus statute.
The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law. State ex rel. Ney v. Niehaus (1987),33 Ohio St.3d 118, 515 N.E.2d 914. Mandamus does not lie to correct errors and procedural irregularities in the course of a case. State ex rel. Tommie Jerninghan v. Judge Patricia Gaughan (Sept. 26, 1994), Cuyahoga App. No. 67787, unreported. Furthermore, if the relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded. State ex rel. Tran v. McGrath (1997), 78 Ohio St.3d 45,676 N.E.2d 108, and State ex rel. Boardwalk Shopping Center, Inc. v. Court of Appeals for Cuyahoga County (1990), 56 Ohio St.3d 33,564 N.E.2d 86.
In the present case, Daniels has an adequate remedy at law and is pursuing it by way of a motion for default judgment. The mere existence of that remedy precludes relief in mandamus.
Moreover, mandamus is not the appropriate remedy to effect Daniels' discharge from jail. The Supreme Court of Ohio has held that habeas corpus, rather than mandamus, is the appropriate action for persons claiming entitlement to immediate release from prison. State ex rel. Lemmon v. Ohio Adult Parole Authority (1997), 78 Ohio St.3d 186, 188,677 N.E.2d 347. See also, State ex rel. Johnson v. Ohio Parole Board (1997), 80 Ohio St.3d 140, 648 N.E.2d 1227, and State ex rel. Smith v. Yost (1998), 81 Ohio St.3d 111, 689 N.E.2d 565.
To the extent that Daniels is seeking some other relief, such as compelling the common pleas court to issue the writ of habeas corpus, this court declines to issue the writ because such relief is not clearly sought and all the necessary parties are not before the court. Mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. State ex rel. Taylor v. Glasser (1977), 50 Ohio St.2d 165, 364 N.E.2d 1; State ex rel. Shafer v. Ohio Turnpike Commission (1953), 159 Ohio St. 581,113 N.E.2d 14; State ex rel. Connole v. Cleveland Board of Education (1993), 87 Ohio App.3d 43, 621 N.E.2d 850; and State ex rel. Dayton-Oakwood Press v. Dissinger (1940), 32 Ohio Law Abs. 308.
Accordingly, this court dismisses this mandamus action. Costs assessed against relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
 _____________________________ COLLEEN CONWAY COONEY, JUDGE:
MICHAEL J. CORRIGAN, J., CONCURS, KENNETH A. ROCCO, P.J., CONCURS.