JOURNAL ENTRY AND OPINION ORIGINAL ACTION PETITION FOR WRIT OF DENIED.
The relator, Francois Budreaux, seeks this mandamus action to compel Judge Daniel Gaul to "make a ruling on all motions before him since 25 October 2001." The judge filed a motion for summary judgment and attached to the motion a copy of the court's docke indicating that one of Budreaux's motion was a request that the judge recuse himself. On February 5, 2002, the judge granted that motion.
The requisites for mandamus are well established: 1) the relator must have a clear legal right to the requested relief, 2) the respondent must have a clear legal duty to perform the requested relief, and 3) there must be no adequate remedy at law. Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear and should not be issued in doubtful cases.[1] Furthermore, if a relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded.[2]
In the matter, sub judice, Judge Gaul no longer has a duty to rule on Budreaux's remaining motions and mandamus will not issue to compel a vain act.[3]
Furthermore, we find that Budreaux failed to comply with R.C. 2969.25
and attach an affidavit to his complaint that describes each civil action or appeal of a civil action he filed in the previous five years. The failure to provide such affidavit constitutes sufficient grounds for dismissal of the complaint for a writ of mandamus.[4]
Finally, Budreaux failed to comply with Loc.App.R. 45(B)(1) which provides that all complaints must contain the specific statements of fact upon which the claim is based and must be supported by an affidavit from him specifying the details of the claim.[5]
Accordingly, we grant the motion for summary judgment with Budreaux to bear costs. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B).
Writ denied.
TIMIOTHY E. MCMONAGLE, P.J., and JAMES D. SWEENEY, J., CONCUR.
[1] State ex rel. Taylor v. Glasser (1977), 50 Ohio St.2d 165,364 N.E.2d 1; State ex rel. Shafer v. Ohio Turnpike Commission (1953),159 Ohio St. 581, 113 N.E.2d 14; State ex rel. Cannole v. Cleveland Boardof Education (1993), 87 Ohio App.3d 43, 621 N.E.2d 850.
[2] State ex rel. Tran v. McGrath (1997), 78 Ohio St.3d 45,676 N.E.2d 108 and State ex rel. Boardwalk Shopping Center, Inc. v. Courtof Appeals for Cuyahoga County (1990), 56 Ohio St.3d 33,564 N.E.2d 86.
[3] State ex rel. Strothers v. Turner (1997), 79 Ohio St.3d 272,680 N.E.2d 1238; State ex rel. Leach v. Schotten (1995), 73 Ohio St.3d 538,653 N.E.2d 1238; State ex rel. Chavis v. Griffin (June 15, 2000), Cuyahoga App. No. 77615, unreported; State ex rel. Edwards v. Turner
(Aug. 20, 1998), Cuyahoga App. No. 74709, unreported.
[4] State ex rel. Zanders v. Ohio Parole Board (1998), 82 Ohio St.3d 421,696 N.E.2d 594; State ex rel. Alford v. Winters (1997), 80 Ohio St.3d 285,685 N.E.2d 1242.
[5] State ex rel. Nero v. Coyne (Jul. 5, 2001), Cuyahoga App. No. 79714, unreported; State ex rel. Wilson v. Calabrese (Jan 18, 1996), Cuyahoga App. No. 70077, unreported; State ex rel. Smith v. McMonagle
(Jul 17, 1996), Cuyahoga App. No. 70899, unreported.