ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} Johnny Griffin commenced this mandamus action against Retired Judge John L. Angelotta and Judge Mary Boyle, to compel them rule on his motion for execution of sentence and to re-sentence him pursuant to this court's order in State v.Griffin.[1] The judges, through the Cuyahoga County Prosecutor, filed an answer and moved for summary judgment.
 {¶ 2} The requisites for mandamus are well established: 1) there must be a clear legal right to the requested relief, 2) there respondent must be a clear legal duty to perform the requested relief, and 3) there must be no adequate remedy at law. Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not be issued in doubtful cases.[2] Furthermore, if the relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded.[3]
 {¶ 3} Attached to the motion for summary judgment is a copy of an order denying Griffin's motion for execution of sentence and, therefore, Griffin's request for a writ of mandamus on his motion for execution of sentence is denied as moot.[4]
 {¶ 4} The judges further argue that Griffin's request for this court to order his re-sentencing should also be denied as moot, and provide a copy of the lower court's docket which reveals that Griffin's sentence was modified pursuant to our order in Griffin, supra. The docket is unclear whether Griffin was present for his re-sentencing under Crim.R. 32(A), and, therefore, the judges' motion for summary judgment on the issue of Griffin's re-sentencing is denied. Nevertheless, we find that he has an adequate remedy at law by filing a delayed appeal under App.R. 5.[5]
 {¶ 5} Griffin also failed to comply with R.C. 2969.25 which requires that he attach an affidavit to his complaint that describes each civil action or appeal of a civil action filed in the previous five years. The failure to provide such affidavit constitutes sufficient grounds for dismissal of a complaint for a writ of mandamus.[6]
 {¶ 6} Finally, Griffin failed to comply with Loc.App.R. 45(B)(1) which provides that all complaints must contain the specific statements of fact upon which the claim of illegality is based and must be supported by an affidavit from the plaintiff or relator specifying the details of the claim.[7]
 {¶ 7} Accordingly, we grant in part the judges' motion for summary judgment on Griffin's motion for execution of sentence, but deny summary judgment on the request for re-sentencing. Griffin's request that this court order his re-sentencing is also denied. Griffin to bear costs. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B).
Writ denied.
Sweeney, J., concurs, Calabrese, Jr., J., concurs.
[1] (Dec. 3, 1992), Cuyahoga App. No. 61436.)
[2] State ex rel. Taylor v. Glasser (1977),50 Ohio St.2d 165, 364 N.E.2d 1.
[3] State ex rel. Tran v. McGrath (1997), 78 Ohio St.3d 45,676 N.E.2d 108.
[4] State ex rel. Gantt v. Coleman (1983), 6 Ohio St.3d 5,450 N.E.2d 1163.
[5] State ex rel. Reggie D. Hite, Sr. v. State of Ohio (Feb. 22, 2002), Cuyahoga App. No. 79734.
[6] State ex rel. Zanders v. Ohio Parole Board (1998),82 Ohio St.3d 421, 696 N.E.2d 594.
[7] State ex rel. Nero v. Coyne (Jul. 5, 2001), Cuyahoga App. No. 79714, unreported; State ex rel. Wilson v. Calabrese (Jan 18, 1996), Cuyahoga App. No. 70077, unreported; State ex rel.Smith v. McMonagle (Jul 17, 1996), Cuyahoga App. No. 70899, unreported.